1 | FAYER GIPSON LLP
Gregory A. Fayer (SBN 232303)
2 | *GFayer@fayergipson.com*
2029 Century Park East, Suite 3535
3 | Los Angeles, California 90067
Telephone: 310.557.3550
4 | Facsimile:  310.557.3559

5 | Attorneys for Plaintiff

6 |

7 | STROOCK & STROOCK & LAVAN LLP
JOHN M. GATTI (State Bar No. 138492)
8 | *jgatti@stroock.com*
GLORIA Y. CHANG (State Bar No. 252390)
9 | *gchang@stroock.com*
2029 Century Park East
10 | Los Angeles, CA  90067-3086
Telephone: 310-556-5800
11 | Facsimile: 310-556-5959
Email: *lacalendar@stroock.com*
12 |

13 | Attorneys for Defendants

14 |

15 | UNITED STATES DISTRICT COURT

16 | CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

17 |

18 | Cinezeta Internationale
Filmproduktionsgesellschaft mbH & Co 1.

19 | Beteiligungs KG,

20 |                 Plaintiff,

21 |    v.

22 | Inferno Distribution, LLC; Inferno
International, LLC; and DOES 1-10,

23 | inclusive,

24 |                 Defendants.

25 |

26 |

27 |

28 |

CASE NO. CV10-9938 JFW(FMOX)

**AMENDED** STIPULATION AND PROTECTIVE ORDER

Judge:    Hon. Fernando M. Olguin

Date:     N/A
Time:     N/A

Motion Cut-off:       Oct. 17, 2011
Discovery Cut-off:    Oct. 3, 2011
Trial Date:           Dec. 6, 2011

Action Filed:  December 27, 2010

LA 51450824v1
08/18/11 04:01PM

1         Plaintiff Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1.

2   Beteiligungs KG ("Plaintiff") and defendants Inferno Distribution, LLC and Inferno

3   International, LLC (collectively, "Defendants") are parties to the above-captioned

4   litigation (hereinafter, the "Action").   Plaintiff and each of the Defendants are

5   referred to herein as a "Party" and, collectively, as the "Parties."

6                       **GOOD CAUSE STATEMENT**:

7         Good cause exists for entering into a Protective Order because, among other

8   things, (1) Plaintiff has propounded discovery on Defendants seeking confidential,

9   proprietary and sensitive financial books and records from Defendants, including but

10   not limited to, Defendants' general ledgers for the years 2008-2010 and confidential

11   sales figures (collectively and individually, "Defendants' Financial Records"), which

12   Plaintiff maintains is relevant to this action; (2) Defendants have propounded

13   discovery on Plaintiff seeking confidential, proprietary and sensitive financial

14   information; (3) both Parties have propounded discovery seeking agreements and

15   contracts potentially implicating their own confidential information and the

16   confidential information of third parties, including but not limited to Defendants'

17   seeking a confidential Settlement Agreement (the "Settlement Agreement"), which

18   they maintain is relevant to this action; (4) both Parties have propounded discovery

19   seeking internal communications that may contain confidential business discussions,

20   strategy, and financial information; and (5) absent a protective order Plaintiff and

21   Defendants will suffer prejudice.

22         The Parties' production of confidential and financial information will lead to

23   the disclosure of, among other things, confidential employee information; the amount

24   Defendants charge and/or pay for certain services and/or goods, the amount certain

25   projects generate for the Parties or non-parties.  The Parties actively keep these types

26   of documents, data and information private from others, especially their competitors.

27   The confidentiality of this type of information is essential for the Parties to maintain

28

LA 51450824v1
08/18/11 04:01PM

1    their competitive edge in their industry and to shield the Parties from liability from

2    non-parties that expect such information to be kept confidential.

3         Protection of confidential business information, plans and materials is

4    common in litigation.  See e.g. Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc., 242

5    F.R.D. 552, 555 (C.D. Cal. 2007) ("Fed.R.Civ.P. 26(c)(7) … allows for protection of

6    'confidential commercial information'") (citing Vesta Corset Co., Inc. v. Carmen

7    Found., Inc., 1999 WL 13257, at *3 (S.D.N.Y. 1999) and Davis v. AT & T Corp.,

8    1998 WL 912012, at *2 (W.D.N.Y. 1998)).  In addition, other proprietary business

9    information may be safeguarded though a protective order.  See Miles v. Boeing Co.,

10   154 F.R.D. 112, 114-15 (E.D. Pa. 1994) (entering protective order where information

11   about defendant's competitive labor pricing, if made available to the general public,

12   would allow competitors to examine defendant's production abilities); Sprinturf, Inc.

13   v. Southwest Recreational Industries, Inc., 216 F.R.D. 320, 324 (E.D. Pa. 2003)

14   (protecting information about defendant's market share, the impact of plaintiffs'

15   requested relief on defendant's customers, and proprietary information regarding

16   development of defendant's product line, the release of which competitors could

17   exploit to undermine defendant's market position).

18        Additionally, Plaintiff's disclosure of the Settlement Agreement will prejudice

19   Plaintiff absent a protective order because the parties to the Settlement Agreement

20   agreed that it would be kept confidential.

21              **STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

22        THEREFORE, SUBJECT TO THE APPROVAL OF THE COURT, the

23   Parties, believing that good cause exists, hereby stipulate, subject to approval, that

24   the following procedures shall be followed in this Action to facilitate the orderly and

25   efficient discovery of relevant information while minimizing the potential for

26   unauthorized disclosure or use of confidential or proprietary information.

27        1.    This stipulation and protective order (the "Order") shall apply to all

28   information, documents, and things, including electronic files, subject to discovery or

LA 51450824v1
08/18/11 04:01PM

1  otherwise exchanged by the Parties or submitted to the Court in this Action that are

2  owned or controlled by a Party and believed by the Party to contain its trade secrets

3  or other confidential information, including but not limited to Defendants' Financial

4  Records and the Settlement Agreement and information contained therein or adduced

5  therefrom (including, without limitation, testimony adduced at depositions upon oral

6  examination or upon written questions, answers to interrogatories, documents and

7  things produced, information obtained from inspection of premises or things, and

8  answers to requests for admission).   The term DESIGNATED MATERIAL shall

9  include all the foregoing and all information, documents, and things derived

10 therefrom, including, but not limited to, copies, summaries, or abstracts thereof.

11        2.      Information may not be designated as subject to any form of protection

12 if it (a) is, or becomes, public knowledge, as shown by publicly available writings,

13 other than through violation of the terms of this document; (b) is acquired by a non-

14 designating Party or non-party witness from a third party lawfully possessing such

15 information and having no obligation to the owner of the information; (c) was

16 lawfully possessed by a non-designating Party or non-party witness prior to the

17 opening of discovery in this proceeding, and for which there is written evidence of

18 the lawful possession; (d) is disclosed by a non-designating Party or non-party

19 witness legally compelled to disclose the information; or (e) is disclosed by a non-

20 designating Party with the approval of the designating Party.

21        3.      The Parties shall label or mark documents and things that they deem to

22 be DESIGNATED MATERIALS, at the time of production, with the legend

23 "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (or

24 similar designation) on every page produced or, if the entire document is to be

25 treated as DESIGNATED MATERIALS, on the first page of the document with an

26 indication that the designation applies to the entire document.   In the case of

27 electronic files, the designation may be included:  in the file name; in the folder

28 name, if all files in the folder are DESIGNATED MATERIALS; or on the physical

1  medium containing the electronic files if all files contained on the physical medium
2  are DESIGNATED MATERIALS.

3          4.      Prior to disclosure of protected information by any Party or its attorney
4  to any individual not already provided access to such information by the terms of this
5  Order, the individual shall be informed of the existence of this Order and provided
6  with a copy to read. The individual will then be required to certify in writing that the
7  Order has been read and understood and that the terms shall be binding on the
8  individual. No such individual shall receive any protected information until the Party
9  or attorney proposing to disclose the information has received a signed certification
10  in the form attached to this Order as Exhibit A (the "Consent"). The Party or attorney
11  receiving the completed form shall retain the original.

12          5.      If any document or information designated DESIGNATED MATERIAL
13  by the Parties hereunder is disclosed inadvertently to any person not entitled to
14  receive that document or information, such disclosure shall not result in forfeiture or
15  limitation of the protections of this Order, or remedies for violation of this Order.
16  Any such recipient shall automatically be bound by this Order and such person:

17                  (a)      Shall promptly be informed of all the provisions of this Order by
18  the Party who discovers the improper disclosure and asked to return all copies of
19  improperly received DESIGNATED MATERIAL;

20                  (b)      Shall be identified immediately to all other Parties; and

21                  (c)      Shall be requested to sign a Consent, attached as Exhibit A, which
22  signed Consent shall be served on the opposing Parties.

23          6.      If, through inadvertence, a person produces any DESIGNATED
24  MATERIALS pursuant to this litigation without marking the information with the
25  appropriate confidentiality label, the producing person may subsequently request that
26  the receiving party treat previously produced documents, information, or things as
27  DESIGNATED MATERIALS by notifying the receiving party of the error and
28  sending copies appropriately marked.  Upon receipt of such notice, the receiving

party will comply with the request to the extent that the documents, information, or things or contents thereof have not already been disclosed beyond those permitted access in paragraphs 9 and 10 below, and if the documents, information, or things have been disclosed beyond those permitted access in paragraphs 9 and 10 below, the receiving party will use its best efforts to recall any such distributed copies.

7.     Parties may designate as DESIGNATED MATERIAL deposition testimony by identifying portions of any transcript (including exhibits) which contain DESIGNATED MATERIAL and making a statement on the record or designating the confidential portions within thirty (30) days after counsel's receipt of the transcript.   Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL—ATTORNEYS' EYES ONLY"; if no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any DESIGNATED MATERIAL.

8.     DESIGNATED MATERIAL shall be used by the Parties solely for the purpose of prosecuting or defending claims in this litigation, and not for any other purpose, including, but not limited to, use in any business or commercial enterprise.

9.     Access to and dissemination of DESIGNATED MATERIAL designated as "CONFIDENTIAL" shall be limited to the following, unless this Court rules that there may be further disclosure:

(a)     The Court;

(b)     Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this Action and members of the staff of the Court whose functions necessitate access to DESIGNATED MATERIALS;

(c)     the Parties and their employees;

(d)     Outside counsel of record, including counsel's agents and employees, such as paralegals, legal translators, legal secretaries, legal clerks,

1  shorthand reporters, independent legal translators retained to translate in connection

2  with this Action, independent shorthand reporters and videographers retained to

3  record and transcribe testimony in connection with this Action, outside copy venders

4  that are reasonably necessary for maintaining, defending or evaluating this Action,

5  independent data entry or data processing entities retained in connection with this

6  Action, graphics or design consultants retained for purposes of preparing

7  demonstratives or other exhibits for deposition, trial or other court proceedings, and

8  non-technical jury or trial consultants;

9         (e)    the authors, senders, addressees, and copy recipients of such

10  DESIGNATED MATERIAL;

11         (f)    experts or independent consultants engaged by counsel or the

12  Parties to assist in this litigation who are not currently employed by a Party or a

13  direct competitor of a Party and who, at the time of retention, are not anticipated to

14  become an employee of a Party or a direct competitor of a Party, provided that prior

15  to any such disclosure each such expert or consultant signs the Consent ; and

16         (g)    any other person as to whom the Parties first agree in writing and

17  who signs the Consent before being provided with DESIGNATED MATERIAL.

18      These restrictions may be altered or supplemented only by written stipulation

19  between the Parties or upon application of any Party, if approved by the Court, or by

20  order of the Court.

21      10.   Access to and dissemination of DESIGNATED MATERIALS

22  designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited

23  to the following, unless the Court rules otherwise:

24         (a)    The Court;

25         (b)    Court personnel, mediators, special masters, discovery referees,

26  and court reporters and videographers recording testimony in this Action and

27  members of the staff of the Court whose functions necessitate access to

28  DESIGNATED MATERIALS;

(c) the Parties' outside attorneys and their staff actively involved in this litigation or supervision of this litigation who are employed by counsel of record in this Action;

(d) the other employees and agents in those law firms whose functions require access to DESIGNATED MATERIALS, such as paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters, independent legal translators retained to translate in connection with this Action, independent shorthand reporters and videographers retained to record and transcribe testimony in connection with this Action, outside copy venders that are reasonably necessary for maintaining, defending or evaluating this Action, independent data entry or data processing entities retained in connection with this Action, graphics or design consultants retained for purposes of preparing demonstratives or other exhibits for deposition, trial or other court proceedings, and non-technical jury or trial consultants;

(e) the authors, senders, addressees, and copy recipients of such DESIGNATED MATERIALS;

(f) independent consultants or experts engaged by counsel or the Parties to assist in this litigation who are not currently employed by a Party or a direct competitor of a Party and who, at the time of retention, are not anticipated to become an employee of a Party or a direct competitor of a Party, provided that each such consultant or expert has the need to learn the content of such DESIGNATED MATERIALS and has signed the Consent before being provided with discovery materials protected by this Order; and

(g) any other person as to whom the Parties first agree in writing and who signs the Consent before being provided with discovery materials protected by this Order.

These restrictions may be altered or supplemented only by written stipulation between the Parties or upon application of any Party, if approved by the Court, or by order of the Court.

11.     Counsel shall retain all executed Consents, and a copy of any executed Consents shall be provided to all adverse Parties upon order of the Court for good cause shown.

12.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and may testify concerning all DESIGNATED MATERIALS that he or she wrote or received.  Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, and/or employee of a producing Party may be examined and may testify concerning all DESIGNATED MATERIALS which have been produced by that Party;

(b)     Former directors, officers, agents, consultants and/or employees of a producing Party may be interviewed, examined and may testify concerning all DESIGNATED MATERIALS written or received by the witnesses during the course of their association with the producing Party; and

(c)     Non-parties may be examined or testify concerning any document containing DESIGNATED MATERIALS of a producing Party which appears on its face or from other documents or testimony to have been written or received by the non-party as a result of any contract or relationship with the producing Party, or a representative of such producing Party.

13.     The Parties shall (a) maintain all DESIGNATED MATERIALS of another Party in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Order to receive such information, (b) take reasonable steps to ensure that such information is not disclosed to other persons, and (c) take reasonable steps to secure electronically stored data.

14.     In the event that a Party reasonably believes that, due to confidentiality obligations owed to a non-party, it cannot produce certain information in this Action, that Party shall within five (5) business days of discovering such obligation provide written notification to the requesting Party and contact the non-party to request that it

1   be able to produce the information and/or documents pursuant to this Order and its

2   designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

3   ONLY" as appropriate.   Should the requesting party dispute the designation of

4   confidential documents, the party seeking protection shall file a motion for protective

5   order pursuant to the Federal Rules of Civil Procedure and the Local Rules.

6          15.   Non-parties who produce materials in connection with this litigation

7   shall have the right to seek all of the protections available to the Parties under the

8   terms of this Order.   Discovery obtained from non-parties may be designated as

9   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as those

10  terms are defined herein by (i) the producing non-parties or (ii) any Party if the

11  information provided by non-parties embodies, contains or reflects the Party's

12  protected information.   Unless otherwise agreed in writing between counsel for the

13  Parties, documents and information so produced by a non-party shall automatically

14  be deemed to be and shall be treated as CONFIDENTIAL for twenty (20) business

15  days following their actual receipt by counsel for the Parties, in order to enable

16  counsel to determine whether any protected information is embodied therein.

17         16.   If any DESIGNATED MATERIALS or pleadings or other papers

18  containing DESIGNATED MATERIALS must be filed with the Court in connection

19  with any memorandum, pleadings, or other filings or proceedings herein, the papers

20  shall be filed pursuant to the procedure set forth in Local Rule 79-5.1.

21         17.   The Party designating any information as DESIGNATED MATERIALS

22  shall, in the first instance, determine in good faith whether those materials constitute

23  confidential information covered by this Order.   The receiving party may object in

24  good faith to such designation at any time.   A failure of any Party to expressly

25  challenge a designation shall not constitute a waiver of the right to assert at a

26  subsequent time that a designation is not in fact confidential or not an appropriate

27  designation for any reason.   Upon such objection, the concerned Parties are obligated

28  to negotiate in good faith regarding the designation by the disclosing Party.   In the

1   event that the Parties are unable to resolve their dispute informally, the Party seeking

2   protection may make a motion before the Court for resolution in accordance with the

3   Federal Rules of Civil Procedure and Local Rules.

4       18.   A producing Party's inadvertent disclosure in connection with this

5   action of documents or information that the producing Party believes constitute,

6   contain or reflect information protected by the attorney-client privilege, the attorney

7   work product doctrine, the common interest doctrine, or any other privilege or

8   immunity from discovery ("Privileged Documents") shall in no way prejudice or

9   otherwise constitute a waiver of any privilege or immunity with respect to such

10  Privileged Documents or generally.  In the event of an inadvertent disclosure of

11  Privileged Documents, the producing Party may at any time provide notice in writing

12  to the Parties that have received the Privileged Documents directing that all copies of

13  the inadvertently disclosed Privileged Documents be returned to the producing Party

14  and barring the receiving Parties from using those Privileged Documents or any

15  copies of those Privileged Documents in the action or otherwise.  In the event that a

16  receiving Party receives a document or thing containing privileged attorney-client

17  communications or attorney work product that the receiving Party believes has been

18  inadvertently produced, the receiving Party shall notify the producing Party promptly

19  in writing after it is discovered that the privileged material may have been

20  inadvertently produced for inspection or provided.  The receiving Parties, upon such

21  notice, shall immediately return all copies of those Privileged Documents, or shall

22  destroy and certify in writing the destruction of all copies of those Privileged

23  Documents.  The receiving Parties shall not use those Privileged Documents in the

24  action or otherwise, provided, however, that any Party after returning or destroying

25  the copies of Privileged Documents, may move, on reasonable notice, and on

26  grounds other than the inadvertent production of those documents, for an order

27  challenging the designation of those documents as Privileged Documents.

28

19.     Within sixty (60) days after final termination of this Action, either by expiration of the time to appeal or after issuance of the appellate mandate after an appeal, receiving counsel shall return or certify destruction of all DESIGNATED MATERIAL.   Notwithstanding this, however, outside counsel of record for the Parties may retain a copy of all Court filings; correspondence; discovery requests and responses; deposition, hearing or trial transcripts; expert reports; attorney work product; and exhibits to any of the foregoing, provided that outside counsel of record continues to treat all DESIGNATED MATERIALS in the manner provided in this Order.

20.     This Order shall not be construed as an agreement by the Parties to produce or supply any document, or as a waiver by the Parties of the right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.

21.     Nothing herein shall preclude any Party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the Parties involved shall make a good faith effort to resolve the matter by agreement.

22.     The Court will determine the extent to which the Order will control the use of protected information at trial.   If, and once this action proceeds to trial, any DESIGNATED MATERIALS introduced as evidence at trial shall be presumed available to the public, unless there is a ruling by the Court providing otherwise. DESIGNATED MATERIALS not introduced as evidence at trial shall maintain such protections and designations after commencement of any trial in this matter.  Before the trial begins, the Parties will meet and confer in good faith as part of the pre-trial conference statement process to put into place a procedure for identification of and use of any materials the Parties wish to maintain as DESIGNATED MATERIALS at trial, which it shall submit to the Court for approval.   Any DESIGNATED MATERIALS designated before trial shall maintain their status through the time of

1   the pretrial conference and meet and confer procedures described above.  If the

2   Parties cannot reach agreement on a procedure, any Party may seek appropriate court

3   orders concerning the handling at trial of DESIGNATED MATERIALS.

4        23.    This Court is responsible for the interpretation and enforcement of this

5   Order.  All disputes concerning DESIGNATED MATERIALS produced under the

6   protection of this Order shall be resolved by this Court.  The Parties shall remain

7   bound by this Order and the Court shall retain jurisdiction to enforce or modify this

8   Order even after the termination of this litigation.

9        24.    Nothing contained in this Order shall preclude any party from using its

10  own protected information in any manner it sees fit, without prior consent of any

11  other party or the Court.  Nothing herein shall operate as any admission by any of the

12  parties hereto that any particular materials contains or reflects trade secrets, or other

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

LA 51450824v1
08/18/11 04:01PM

confidential or proprietary information.

Respectfully submitted and stipulated by and between counsel for the parties,

DATED:  August 18, 2011          FAYER GIPSON LLP
                                 GREGORY A. FAYER


                                 By      /s/ Gregory A. Fayer
                                      GREGORY A. FAYER
                                 Attorneys for Plaintiff Cinezeta

DATED:  August 18, 2011          STROOCK & STROOCK & LAVAN LLP
                                 JOHN M. GATTI
                                 GLORIA Y. CHANG


                                 By      /s/ Gloria Y. Chang
                                      GLORIA Y. CHANG
                                 Attorneys for Defendants Inferno Distribution,
                                 LLC and Inferno International, LLC


SO ORDERED AND APPROVED:


Dated:  August 24, 2011          _____/s/_____
                                      HON. FERNANDO M. OLGUIN
                                      United States Magistrate Judge

LA 51450824v1
08/18/11 04:01PM