FAYER GIPSON LLP
Gregory A. Fayer (State Bar. No. 232303)
GFayer@fayergipson.com
Minh Z. Kuo (State Bar No. 287489)
MKuo@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: 310.557.3550
Facsimile:  310.557.3559

Attorneys for Plaintiff
Cinezeta Internationale
Filmproduktionsgesellschaft mbH & Co
1. Beteiligungs KG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1. Beteiligungs KG,<br><br>Plaintiff,<br><br>v.<br><br>Inferno Distribution, LLC; Inferno International, LLC; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV10-9938 JFW(FMOX)<br><br>**[PROPOSED] STATEMENT OF DECISION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Hon. John F. Walter<br>Ctrm:    16<br><br>Hearing Date:   October 17, 2011<br>Hearing Time:   1:30 p.m.<br><br>Motion Cut-off:       Oct. 17, 2011<br>Discovery Cut-off:   Oct. 3, 2011<br>Trial Date:               Dec. 6, 2011<br><br>Action Filed:  December 27, 2010 |

**[PROPOSED] STATEMENT OF DECISION**

Before the Court is Defendants' Inferno Distribution, LLC ("Distribution") and Inferno International, LLC ("International", and collectively "Defendants") Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Defendants' Motion") regarding the complaint for breach of a written contract and fraudulent transfer filed by plaintiff Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1. Beteiligungs KG's ("Plaintiff" or "Cinezeta"). Defendants' Motion came before this Court for hearing on regularly noticed motion on October 17, 2011. Having considered Defendants' Motion, the papers filed in support of and in opposition thereto, having fully considered the evidence, including the declarations and objections thereto filed by the parties, and having heard the arguments of counsel in support of and in opposition thereto, the Court finds that there is at least a triable issue of material fact as to each of Plaintiff's causes of action and its alter ego allegations. Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court hereby ORDERS Defendants' Motion DENIED and finds as follows:

1. In late 2004, Distribution, First Look Media and Cinezeta entered into a series of agreements regarding the motion picture *Just Friends* (the "Picture"), including the Sales Agency Agreement ("SAA"). Statement of Uncontroverted Fact ("SUF") at ¶17.

2. The SAA provides for a guarantee of $7,694,100 in sales (the "Sales Guarantee"). SUF at ¶21.

3. The parties agree that Plaintiff was paid $4,266,182.56 of the Sales Guarantee. SUF at ¶ 42-45.

4. However, there is at least a triable issue of material fact regarding whether the remaining $3,427,917.44 was ever paid. Defendants submit evidence that a Canadian tax credit should reduce the amount of the Sales Guarantee, but Plaintiff

1

submits evidence that it never received the Canadian tax credit and that an attempted tax credit assignment was invalid under Canadian law. Lechner Decl. ¶14.

5. There are also at least triable issues of fact regarding whether International is the alter ego of Distribution. Although Defendants have submitted evidence that the companies are separate legal entities, with separate sets of books and employees, Plaintiff submits evidence that Distribution has substantially the same employees as International and that International was undercapitalized with initial capital contributions of only $100. *See generally* SGI at ¶¶115-127.

6. Finally, there is at least a triable issue of fact regarding Plaintiff's fraudulent transfer claim. The Defendants' financial ledgers and other documents show numerous transactions between Distribution and International soon after International's inception, including a loan from Distribution to International. Given the obligations of Distribution under the SAA, and in light of the overlap of at least some of the ownership and employees between the two companies and International's capitalization of $100, there is at least a triable issue of fact as to whether the transfer between the companies was fraudulent.

THEREFORE, Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment is DENIED.

IT IS SO ORDERED

DATED: October _, 2011

By_____
THE HONORABLE JOHN F. WALTER
United States District Court Judge