STROOCK & STROOCK & LAVAN LLP
JOHN M. GATTI (State Bar No. 138492)
*jgatti@stroock.com*
GLORIA Y. CHANG (State Bar No. 252390)
*gchang@stroock.com*
2029 Century Park East, Suite 1600
Los Angeles, CA  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
E-Mail:  lacalendar@stroock.com

Attorneys for Defendants
  INFERNO DISTRIBUTION, LLC and
  INFERNO INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cinezeta Internationale Filmproduktionsgesellschaft mbH & Co 1. Beteiligungs KG, <br><br> Plaintiff, <br><br> vs. <br><br> Inferno Distribution, LLC; Inferno International, LLC; and DOES 1-10, inclusive, <br><br>        Defendants. | Case No. CV10-09938 JFW (FMOX) <br><br> [The Honorable John F. Walter] <br><br> **STATEMENT OF GENUINE ISSUES OF MATERIAL FACT IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date: October 17, 2011 <br> Time: 1:30 p.m. <br><br> Action Filed:  December 27, 2010 <br> Pretrial Conf:  November 18, 2011 <br> Trial Date:       December 6, 2011 |

Pursuant to Central District of California Local Rule 56-1, Defendants Inferno Distribution, LLC ("Distribution") and Inferno International, LLC ("International" and collectively "Defendants") hereby submit this Statement Of Genuine Issues Of Material Fact in support of their Opposition to Plaintiffs' Motion for Partial Summary Judgment.

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1.   Plaintiff Cinezeta is a German limited partnership. | Undisputed. |
| 2.   Cinezeta's general partner is responsible for management of Cinezeta. | Undisputed. |
| 3.   Cinezeta's general partner from its inception to January 1, 2008 was Cinerenta Gesellschaft fur Internationale Filmproduktion mbH ("Cinerenta"). | Undisputed. |
| 4.   Cinezeta's general partner from January 1, 2008 through the present is and has been Cine Pictures Management GmbH ("Cine Pictures"). | Undisputed. |
| 5.   Distribution is a California limited liability company created on or about November 14, 2002. | Undisputed. |
| 6.   Cinezeta and Distribution entered into a Production Guarantee Agreement effective December 1, 2004 ("PGA"). | Disputed. Moving Party's Evidence: Declaration of Gregory A. Fayer ("Fayer Decl.") Ex. 15 (hereinafter cited as "PGA"). Evidentiary Objection: |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Best Evidence Rule (Federal Rules of Evidence ("FRE") 1002). __Opposing Parties' Evidence:__ PGA (Cinezeta, Distribution, __and First Look Media__ entered into the PGA, effective December 1, 2004); Declaration of James Seibel in Support of Defendants' Opposition to Plaintiff's Motion ("Seibel Decl."), ¶ 10, Ex. 61. |
| 7.    Cinezeta and Distribution entered into a Sales Agency Agreement effective August 30, 2004 ("SAA"). | __Disputed.__ __Moving Party's Evidence:__ Fayer Decl. Ex. 16 (hereinafter cited as "SAA"). __Evidentiary Objection:__ Best Evidence Rule (FRE 1002). __Opposing Parties' Evidence:__ SAA (Cinezeta, Distribution, __and First Look Media__ entered into the SAA, effective August 30, 2004); Seibel Decl., ¶ 10, Ex. 60. |
| 8.    The PGA and SAA (collectively, the "Agreements") provide for the production and distribution of a motion picture entitled "*Just Friends*" (the "Picture"). | __Undisputed.__ |
| 9.    Eberhard Kayser, a former executive of Cinezeta, executed the Agreements on | __Undisputed.__ |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Behalf of Cinezeta. | |
| 10.  Jim Seibel, a managing member of Distribution, executed the Agreements on behalf of Distribution. | Undisputed. |
| 11.  Under the Agreements, Cinezeta is credited as the Producer of the Picture. | Undisputed. |
| 12.  New Line Cinema is the distributor of the Picture in the United States and Canada (and certain other related territories). | Undisputed. |
| 13.  Distribution is the Sales Agent for the Picture with respect to the "Territory," as defined in the Agreements. | Disputed. Moving Party's Evidence: *See* PGA § 1.1 at INF 00006; SAA §§ 4, 6 at INF 00027-28. Evidentiary Objection: Best Evidence Rule (FRE 1002). Opposing Parties' Evidence: PGA; SAA (Distribution together with First Look Media is defined as the Sales Agent). |
| 14.  Under the Agreements, the "Territory" includes all territories other than the United States and Canada (and certain other related territories). | Disputed. Moving Party's Evidence: *See* PGA at INF 00006; SAA at INF 00027. Evidentiary Objection: Best Evidence Rule (FRE 1002). |
| 15.  As international Sales Agent for the | Disputed. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Picture, Distribution was responsible for securing distributors for the Picture in the "Territory," as defined in the Agreements. | <u>Moving Party's Evidence:</u><br>PGA and SAA, *passim*; Lechner Decl. ¶ 5.<br><u>Evidentiary Objection:</u><br>Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Calls for improper testimony of a lay witness (FRE 701).<br><u>Opposing Parties' Evidence:</u><br>PGA and SAA (Distribution together with First Look Media were defined as Sales Agent in the PGA); Seibel Decl., ¶ 10, Ex. 60, 61. |
| 16.  Production of the Picture began in or about January 10, 2005. | <u>Undisputed.</u> |
| 17.  Production of the Picture was completed in or about March 3, 2005. | <u>Undisputed.</u> |
| 18.  The Picture was delivered to Distribution in or about October 21, 2005. | <u>Disputed.</u><br><u>Moving Party's Evidence:</u>  Lechner Decl. ¶ 6 and Ex. 31; Ohoven Tr. at 102:11-105:4<br><u>Evidentiary Objection:</u><br>Lacks personal knowledge (FRE 602); Hearsay (FRE 801-803).<br><u>Opposing Parties' Evidence:</u><br>Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69, ¶ 23; *see also* |

LA 51462934

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | evidence supporting Additional Uncontroverted Facts ("AUF") #165-177. |
| 19.   Distribution accepted delivery of the Picture. | <u>Disputed.</u><br><u>*Moving Party's Evidence:*</u><br>Ohoven Tr. at 59:2-60:4.<br><u>Opposing Parties' Evidence:</u><br>Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69, ¶ 23; *see also* evidence supporting AUF #165-177. |
| 20.   No later than December 2005, Distribution delivered the Picture to the distributors that it had secured to distribute the Picture in the various international territories (the "Distributors"). | <u>Disputed.</u><br><u>*Moving Party's Evidence:*</u><br>*See* Fayer Decl. Ex. 23 (Fintage Collection Account Statement) at INF 00001.<br><u>Evidentiary Objection:</u><br>Best Evidence Rule (FRE 1002); Evidence does not support the alleged fact.<br><u>Opposing Parties' Evidence:</u><br>Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69, ¶ 23; *see also* evidence supporting AUF #165-177. |
| 21.   The Distributors accepted delivery of the Picture. | <u>Disputed.</u><br><u>*Moving Party's Evidence:*</u><br>*See* Fayer Decl. Ex. 23 (Fintage Collection Account Statement) at |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | INF 00001. Evidentiary Objection: Best Evidence Rule (FRE 1002); Evidence does not support the alleged fact. Opposing Parties' Evidence: Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69, ¶ 23; *see also* evidence supporting AUF #165-177. |
| 22.   Distribution has never notified Cinezeta of any defects in delivery of the Picture claimed by Distribution, the Distributors or any other party. | Disputed. Moving Party's Evidence:  Lechner Decl. ¶¶ 7-8. Evidentiary Objection:  Lacks personal knowledge (FRE 602). Opposing Parties' Evidence: Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69; *see also* evidence supporting AUF #171-174. |
| 23.   The Picture was released in the United States in or about November 23, 2005. | Undisputed. |
| 24.   The Picture was released in the international territories beginning on or about December 26, 2005. | Undisputed. |
| 25.   The Picture has been released in in excess of 20 international territories. | Undisputed. |
| 26.   Cinezeta has never received written | Disputed. |

- 6 -

LA 51462934

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| notice from Distribution or any other party that it has breached any of its obligations under the Agreements. | Moving Party's Evidence: Lechner Decl. ¶ 8. Evidentiary Objection: Lacks personal knowledge (FRE 602). Opposing Parties' Evidence: Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69; *see also* evidence supporting AUF #171-174. |
| 27.   Distribution never asserted that Cinezeta breached any of its obligations under the Agreements until after this litigation was filed. | Disputed. Moving Party's Evidence: Lechner Decl. ¶ 8; Kuo Decl. Ex. 6 at 92:21-93:15 (Official Transcript of Deposition of William Johnson) (hereinafter cited as "Johnson Tr."). Evidentiary Objection: Lacks personal knowledge (FRE 602); Mischaracterizes deposition testimony. Opposing Parties' Evidence: Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69; *see also* evidence supporting AUF #171-174. |
| 28.   Cinezeta has fulfilled all of its obligations under the Agreements. | Disputed. Moving Party's Evidence: PGA and SAA, *passim*; Lechner Decl. ¶¶ 6-8. |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Evidentiary Objection: Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Calls for improper testimony of a lay witness (FRE 701); Mischaracterizes deposition testimony. Opposing Parties' Evidence: Seibel Decl., ¶ 20, Ex. 67, ¶ 21, Ex. 68, ¶ 22, Ex. 69; *see also* evidence supporting AUF 165-198, 221. |
| 29.   Under the Agreements, Distribution agreed to pay Cinezeta a Sales Guarantee in the amount of $7,694,100. | Disputed. Moving Party's Evidence: PGA § 1.1 at INF 00005; Kuo Decl. Ex. 1 at 71:6-72:14, 75:2-15 (Official Transcript of Deposition of Andrew Mann) (hereinafter cited as "Mann Tr."); Kuo Decl. Ex. 4 at 284:3-285:4 (Official Transcript of Deposition of Jim Seibel) (hereinafter cited as "Seibel Tr."). Evidentiary Objection: Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Calls for improper testimony of a lay witness (FRE 701); Mischaracterizes deposition |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | testimony. |
| | Opposing Parties' Evidence: |
| | PGA; Seibel Decl., ¶¶ 13-14, Ex. 64; |
| | Seibel Decl., ¶ 15. |
| 30.  The Sales Guarantee was to be secured by the aggregate of the following collateral totaling $8,261,000:<br><br>(i) $1,811,000 from Presale Agreements<br>(ii) $2,850,000 from a BOI Letter of Credit<br>(iii) $3,600,000 in the form of an irrevocable assignment from Service Providers to Cinezeta along with a letter from Wolridge Mahon Chartered Accountants and the Sasketchewan government confirming the amount of tax credits. | Disputed.<br>Moving Party's Evidence:<br>PGA § 1.1 at INF 00005; *see also* Seibel Tr. at 288:16-289:5.<br>Evidentiary Objection:<br>Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Calls for improper testimony of a lay witness (FRE 701); Mischaracterizes deposition testimony.<br>Opposing Parties' Evidence:<br>PGA; § 1.1 (Definition of Sales Guarantee). |
| 31.  Under the PGA, Distribution provided a corporate guarantee covering any shortfall from the collateral for the Sales Guarantee. | Disputed.<br>Moving Party's Evidence:<br>PGA § 1.1 at INF 00005; Ohoven Tr. at 128:10-129:13.<br>Evidentiary Objection:<br>Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Calls for improper testimony of a lay witness (FRE 701). |

LA 51462934

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Opposing Parties' Evidence: PGA, § 1.1 (Definition of Sales Guarantee), § 4 (Guarantee). |
| 32.  The $1,811,000 in Presale Agreements listed as collateral for the Sales Guarantee has never been paid to Cinezeta. | Disputed. Moving Party's Evidence: Lechner Decl. ¶ 12 Evidentiary Objection: Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602). Opposing Parties' Evidence: PGA, § 1.1 (Definition of Sales Guarantee), Schedule H; Seibel Decl., ¶ 32, Ex. 71 (Fintage Statement); Declaration of Gloria Chang in Support of Defendants' Opposition to Plaintiff's Motion ("Chang Decl."), ¶ 21, Ex. 55 (Declaration of Maarten Melchior, hereinafter referred to as "Melchior Decl.," ), ¶ 8, Ex. 3 (Fintage Statement)). |
| 33.  The BOI Letter of credit listed as collateral for the Sales Guarantee was never issued. | Disputed. Moving Party's Evidence: Lechner Decl. ¶ 13; Kuo Decl. Ex. 8 (Amended Response of Defendant Inferno Distribution, LLC to |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51462934

| Uncontroverted Facts | Supporting Evidence |
|---|---|
|  | Plaintiff's First Set of Requests for Admission ("Distribution RFAs Set 1") No. 51; Kuo Decl. Ex. 9 (Amended Response of Defendant Inferno International, LLC to Plaintiff's First Set of Requests for Admission ("International RFAs Set 1") No. 53 <u>Evidentiary Objection:</u> Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602). <u>Opposing Parties' Evidence:</u> PGA, § 1.1 (Definition of Sales Guarantee). |
| 34.  Cinezeta entered into an "Assignment Agreement" with the Service Providers purporting to assign the $3.6 million in tax credits listed as collateral for the Sales Guarantee to Cinezeta. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Fayer Decl. Ex. 18 (Assignment Agreement); *see also* Lechner Decl. ¶ 14. <u>Evidentiary Objection:</u> Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602). <u>Opposing Parties' Evidence:</u> PGA, § 1.1 (Definition of Sales Guarantee); § 4 (Guarantee Section); |

- 11 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Seibel Decl., ¶ 32, Ex. 71 (Assignment); Fayer Decl. Ex. 18 (Assignment). |
| 35.   Cinezeta, however, has never received any payment with respect to the $3.6 million in tax credits. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Lechner Decl. ¶¶ 14-18; *see also* Ohoven Tr. at 67:8-22. <u>Evidentiary Objection:</u> Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Hearsay (FRE 801-803). <u>Opposing Parties' Evidence:</u> PGA, § 1.1 (Definition of Sales Guarantee); § 4 (Guarantee Section); Seibel Decl., ¶ 32, Ex. 71 (Assignment); Fayer Decl. Ex. 18 (Assignment); Chang Decl., ¶ 11, Ex. 41; Chang Decl., ¶ 12, Ex. 42; Chang Decl., ¶ 13, Ex. 43; Chang Decl., ¶ 14, Ex. 44; Chang Decl.,  ¶ 15, Ex. 45; Relevant Transcript Excerpts from Deposition of Andrew Mann ("Mann Depo."), 168:8-169:5. |
| 36.   Distribution was obligated to pay the Sales Guarantee by the Payment Date. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> PGA § 1.1, Schedule F (INF 00004, 00005, 00022-23); *see also* Ohoven |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Tr. at 63:20-66:14. Evidentiary Objection: Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Misrepresents deposition testimony. Opposing Parties' Evidence: PGA. |
| 37.  The Payment Date is January 10, 2008. | Undisputed. |
| 38.  Distribution's obligation to pay the Sales Guarantee by the Payment Date is "unconditional[]," irrevocabl[e]" and "without off-set." | Disputed. Moving Party's Evidence: PGA §§ 4.3, 4.4 at INF 00007; *see also* Ohoven Tr. at 63:20-66:14. Evidentiary Objection:  Best Evidence Rule (FRE 1002); Lacks personal knowledge (FRE 602); Misrepresents deposition testimony. Opposing Parties' Evidence: PGA, § 1.1 (Definition of Sales Guarantee), § 4 (Guarantee Section), Schedule A (Representations). |
| 39.  The Sales Guarantee is subject to reduction in accordance with payments received by Cinezeta pursuant to the Approved Recoupment Schedule (the "waterfall"). | Disputed (as to characterization). Moving Party's Evidence: PGA § 4.3 at INF 00007; *id.* Schedule F at INF 00022-23. Evidentiary Objection: |

- 13 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Best Evidence Rule (FRE 1002). <u>Opposing Parties' Evidence:</u> PGA, § 1.1 (Definition of Sales Guarantee), § 4 (Guarantee Section), Schedule E (Approved Recoupment Schedule). |
| 40.   Fintage is the Collection Agent for the Picture. | <u>Undisputed.</u> |
| 41.   As Collection Agent for the Picture, Fintage maintains a Collection Account for the Picture. | <u>Undisputed.</u> |
| 42.   Cinezeta has received three payments for the Picture out of the Collection Account. | <u>Undisputed.</u> |
| 43.   On March 3, 2006 Cinezeta received a payment in the amount of $2,910,265.23 from the Collection Account. | <u>Undisputed.</u> |
| 44.   On March 14, 2008 Cinezeta received a payment in the amount of $1,220,346.00 from the Collection Account. | <u>Undisputed.</u> |
| 45.   On July 14, 2009 Cinezeta received a payment in the amount of $135,571.33 from the Collection Account. | <u>Undisputed.</u> |
| 46.   Apart from these three payments, Cinezeta has never received any other payments out of the Collection Account. | <u>Undisputed.</u> |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 47.   The Sales Guarantee is also subject to reduction for any amounts of the Sales Guarantee that are paid directly to Cinezeta rather than the Collection Account. | Undisputed. |
| 48.   No amounts of the Sales Guarantee have been paid directly to Cinezeta rather than the Collection Account. | Disputed. Moving Party's Evidence: Lechner Decl. ¶ 21. Opposing Parties' Evidence: PGA, § 1.1 (Definition of Sales Guarantee); § 4 (Guarantee Section); Seibel Decl., ¶ 32, Ex. 71 (Assignment); Fayer Decl. Ex. 18 (Assignment); Chang Decl., ¶ 11, Ex. 41; Chang Decl., ¶ 12, Ex. 42; Chang Decl., ¶ 13, Ex. 43; Chang Decl., ¶ 14, Ex. 44; Chang Decl., ¶ 15, Ex. 45; Mann Depo., 168:8-169:5. |
| 49.   To date, the Sales Guarantee has been reduced in the amount of $4,266,182.56. | Disputed. Moving Party's Evidence: *See supra* (facts in support of ¶¶42-48). Evidentiary Objection: Lechner Decl. ¶¶ 20-21: Lacks personal knowledge (FRE 602). Opposing Parties' Evidence: *See* evidence in support of AUF #124-223, 277 (To date, the Sales |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Guarantee has been reduced in the amount of $4,266,182.56 plus $3,600,000). |
| 50.   The amount of the Sales Guarantee is currently, $3,427,917.44, plus interest accruing since the Payment Date. | Disputed. Moving Party's Evidence: *See supra* (facts in support of ¶¶29, 31-39, 42-48). Evidentiary Objection: See objections to facts in support of ¶¶29, 31-39, 42-48. Opposing Parties' Evidence: PGA, § 1.1 (Definition of Sales Guarantee), § 4 (Guarantee Section); Seibel Decl., ¶ 32, Ex. 71 (Assignment); *see also* evidence in support of AUF herein #124-223, 277. |
| 51.   To date, Distribution has not paid the Sales Guarantee or any portion thereof to Cinezeta. | Disputed. Moving Party's Evidence: Lechner Decl. ¶¶ 22-27. Evidentiary Objection: Lacks personal knowledge (FRE 602); Hearsay (FRE 801-803); Proffered evidence does not support the alleged fact. Opposing Parties' Evidence: PGA, § 1.1 (Definition of Sales |

| Uncontroverted Facts | Supporting Evidence |
|---|---|
|  | Guarantee), § 4 (Guarantee Section); Seibel Decl., ¶ 32, Ex. 71 (Assignment); *see also* evidence in support of AUF herein #124-223, 277. |
| 52.   Distribution's failure to pay the Sales Guarantee by the Payment Date constituted a material breach of the Agreements. | Disputed. Moving Party's Evidence: *See* PGA, *passim.* Evidentiary Objection: Best Evidence Rule (FRE 1002). Opposing Parties' Evidence: PGA; *see also* evidence in support of AUF herein #124-223, 277. |
| 53.   Cinezeta made efforts to collect the Sales Guarantee from Distribution beginning shortly after the Payment Date. | Disputed. Moving Party's Evidence: Lechner Decl. ¶¶ 22-27; Fayer Decl. Ex. 25 (Letter from Gregory A. Fayer to Philip A. Strina, December 14, 2010). Evidentiary Objection: Hearsay (FRE 801-803); Proffered evidence does not support the alleged fact (FRE 402). Opposing Parties' Evidence: Seibel Decl., ¶¶ 58, 59, 60, Ex. 77-78; Seibel Decl., ¶¶ 62-63. |
| 54.   International is a California limited | Undisputed. |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| liability company created on or about April 2, 2008. | |
| 55.   International was formed, in part, in order to avoid substantial credit problems Distribution was facing, *inter alia*, in connection with its $65 million credit facility with D.B. Zwirn. | Disputed. <br> Moving Party's Evidence: <br> Johnson Tr. at 24:21-25:15; Seibel Tr. at 81:10-85:7. <br> Evidentiary Objection: <br> Mischaracterizes deposition testimony. <br> Opposing Parties' Evidence: <br> Seibel Decl., ¶¶ 33-38; Johnson Tr. at 24:21-25:15; Mann Depo., 55:20-56:12. |
| 56.   International was formed, in part, in order to avoid Distribution's substantial debts, including the Sales Guarantee. | Disputed. <br> Moving Party's Evidence: <br> Mann Tr. at 76:12-77:12; PGA § 1.1 ("Sales Guarantee" and "Payment Date"). <br> Evidentiary Objection: <br> Mischaracterizes deposition testimony. <br> Opposing Parties' Evidence: <br> PGA; Seibel Decl., ¶¶ 33-38; Mann Tr. at 76:12-77:12; *see also* evidence in support of DAF herein #124-223, 277.; Mann Depo., 55:20-56:12 |
| 57.   International was formed with only a | Disputed. |

STROOCK & STROOCK & LAVAN LLP<br>2029 Century Park East<br>Los Angeles, California 90067-3086

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| $100 initial capital contribution from the members. | <u>Moving Party's Evidence:</u> Fayer Decl. Ex. 20 (Operating Agreement for International) at INT 00017; Mann Tr. at 40:6-44:11, 56:9-15. <u>Opposing Parties' Evidence:</u> Seibel Decl., ¶ 39. |
| 58.   International had no preexisting library of films, intellectual property rights, accounts receivable, or other intangible assets when International was formed. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Mann Tr. at 56:9-15; Seibel Tr. at 181:2-6; Johnson Tr. at 55:20-23. <u>Evidentiary Objection:</u> Mischaracterizes deposition testimony. <u>Opposing Party's Evidence:</u> Mann Tr. at 56:9-15; Seibel Tr. at 181:2-6; Johnson Tr. at 55:20-23.; Seibel Decl., ¶ 39. |
| 59.   International's first film was "*King of Fighters*." | <u>Undisputed.</u> |
| 60.   *King of Fighters* was released on November 4, 2009. | <u>Undisputed.</u> |
| 61.   International had significant capital in 2008. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Seibel Tr. 181:7-183:15. <u>Evidentiary Objection:</u> Mischaracterizes deposition |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | testimony.  Proffered evidence does not support the alleged fact. <br><br> Opposing Parties' Evidence: <br> Seibel Tr. 181:7-183:15; Seibel Decl., ¶ 51. |
| 62.   Significant transfers of funds between International and Distribution in the form of purported "loans" were made during 2008. | Disputed. <br> Moving Party's Evidence: <br> Seibel Tr. 183:21-184:21, 185:8-12; Distribution RFAs Set 1 Nos. 78-82; International RFAs Set 1 Nos. 81-85; Kuo Decl. Ex. 12 (Amended Response of Inferno Distribution's to Plaintiff's First Set of Interrogatories "Distribution Amended Rog. Response") No. 21. <br> Evidentiary Objection: <br> Mischaracterizes deposition testimony.  Proffered evidence does not support the alleged fact. <br> Opposing Parties' Evidence: <br> Seibel Decl., ¶¶ 48-49. |
| 63.   Distribution and International engage in the same business – namely, sales and distribution of motion pictures. | Disputed. <br> Moving Party's Evidence: <br> Fayer Decl. Ex. 20 (Operating Agreement for International) at INT 00017; id. Ex. 19 (Operating Agreement for Distribution) at INF |

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | 00232; Mann Tr. at 21:15-23:9, 39:22-42:23, 45:22-47:20; Friendship Tr. at 29:2-20; Seibel at 64:3-66:17. <u>Evidentiary Objection:</u> Best Evidence Rule (FRE 1002); Mischaracterizes deposition testimony.  Proffered evidence does not support the alleged fact. <u>Opposing Parties' Evidence:</u> Seibel Decl., ¶ 38; Seibel Tr. at 64:3-66:17. |
| 64.   Distribution and International have effectively the same business purpose. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Fayer Decl. Ex. 20 (Operating Agreement for International) at INT 00017; *id.* Ex. 19 (Operating Agreement for Distribution) at INF 00232; Mann Tr. at 21:15-23:9, 39:22-42:23, 45:22-47:20; Friendship Tr. at 29:2-20; Seibel at 64:3-66:17. <u>Evidentiary Objection:</u> Best Evidence Rule (FRE 1002); Mischaracterizes deposition testimony.  Proffered evidence does not support the alleged fact. <u>Opposing Parties' Evidence:</u> Seibel Decl., ¶ 38; Seibel Tr. at 64:3- |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
|  | 66:17; Fayer Decl. Ex. 20 (Operating Agreement for International) at INT 00017; *id.* Ex. 19 (Operating Agreement for Distribution) at INF 00232 |
| 65.  Jim Seibel is managing member and president of both International and Distribution. | <u>Disputed.</u><br><u>Moving Party's Evidence:</u><br>PGA Signature Page at INF 00013; SAA Signature Page at INF 00033; Lechner Decl. ¶ 22.<br><u>Evidentiary Objection:</u><br>Best Evidence Rule (FRE 1002); Proffered evidence does not support the alleged fact.<br><u>Opposing Parties' Evidence:</u><br>PGA Signature Page at INF 00013; SAA Signature Page at INF 00033; Seibel Decl., ¶ 1;  Fayer Decl. Ex. 20 (Operating Agreement for Distribution);  Fayer Decl., Ex. 19 (Operating Agreement for International). |
| 66.  Jim Seibel is an owner of both International and Distribution. | <u>Undisputed.</u> |
| 67.  Bill Johnson is an owner of both International and Distribution. | <u>Undisputed.</u> |
| 68.  Up until at least November 2010 | <u>Undisputed.</u> |

- 22 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| Andrew Mann was the CFO of both International and Distribution. | |
| 69.   Jim Seibel and Bill Johnson are the sole owners of Distribution. | Undisputed. |
| 70.   Jim Seibel and Bill Johnson are each 45% stakeholders in International. | Undisputed. |
| 71.   Andrew Mann is a 10% stakeholder in International. | Undisputed. |
| 72.   When International was formed in April 2008, Andrew Mann was a 10% stakeholder in International. | Undisputed. |
| 73.   On or about August 7, 2008, Andrew Mann's interest in International was reduced to 5%. | Undisputed. |
| 74.   Andrew Mann was not compensated for the August 7, 2008 decrease in his interest to 5%. | Undisputed. |
| 75.   Andrew Mann's share in International was increased to 10% again on December 31, 2008. | Undisputed. |
| 76.   Andrew Mann did not pay any additional consideration for the December 31, 2008 increase in his interest to 10%. | Undisputed. |
| 77.   Andrew Mann has not received any profit distributions from International. | Disputed. Moving Party's Evidence: Mann Tr. at 44:12-45:2. Evidentiary Objection: |

- 23 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Relevance (FRE 402). <u>Opposing Party's Evidence:</u> Seibel Decl., ¶ 66. |
| 78.   Andrew Mann has not participated in any member meetings for International. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Mann Tr. at 45:3-6. <u>Evidentiary Objection:</u> Relevance (FRE 402); Mischaracterizes Testimony. <u>Opposing Party's Evidence.</u> Seibel Decl., ¶ 66. |
| 79.   Andrew Mann has not participated in any member votes for international. | <u>Disputed.</u> <u>Moving Party's Evidence:</u>  Mann Tr. at 45:7-13. <u>Evidentiary Objection:</u> Mischaracterizes Testimony; Irrelevant (FRE 402). <u>Opposing Party's Evidence:</u> Mann Tr. at 45:7-13; Seibel Decl., ¶ 66. |
| 80.   Andrew Mann has not received any annual reports from international. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Mann Tr. at 45:14-18. <u>Evidentiary Objection:</u> Mischaracterizes Testimony; Irrelevant (FRE 402). |
| 81.   Distribution's offices are located at | <u>Undisputed.</u> |

LA 51462934

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 1888 Century Park East, Suite 1540, Los Angeles, CA 90067. | |
| 82.   International's offices are located at 1888 Century Park East, Suite 1540, Los Angeles, CA 90067. | Undisputed. |
| 83.   Distribution's phone number is 310.598.2550. | Undisputed. |
| 84.   International's phone number is 310.598.2550. | Undisputed. |
| 85.   Distribution and International share the same receptionist. | Undisputed. |
| 86.   Defendants' shared receptionist answers the phone as "Inferno." | Undisputed. |
| 87.   Defendants' shared receptionist is confused about the distinction between the two companies. | Disputed. Moving Party's Evidence: Kuo Decl. ¶¶ 15-18. Evidentiary Objection: Irrelevant (FRE 402); Hearsay (FRE 801-803); Lacks Personal Knowledge (FRE 602); Proffered evidence does not support the alleged fact. |
| 88.   Distribution and International share the same website, www.infernodistribution.com. | Undisputed. |
| 89.   Defendants' website is repeatedly branded on every page as simply "Inferno." | Undisputed. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| 90.   Defendants' website is designed to actively cultivate confusion between the two Defendants. | Disputed. <br> Moving Party's Evidence: <br> Fayer Decl. Exs. 26-30 (Website Pages); Johnson Tr. 39:5-41:6; Seibel Tr. 106:2-108:16, 120:3-121:22, 125:3-126:3. <br> Evidentiary Objection: <br> Irrelevant (FRE 402); Hearsay (810-803); Misrepresents deposition testimony; Proffered evidence does not support the alleged fact; "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). <br> Opposing Parties' Evidence: <br> Seibel Decl., ¶ 53. |
| 91.   International and Distribution's films are comingled on Defendants' website and are advertised without identification as to whether they are Distribution films or International films. | Disputed. <br> Moving Party's Evidence: <br> Fayer Decl. Exs. 28-29 (Website Pages); Seibel Tr. 106:2-107:5, 122:15-125:2, 133:21- 142:21; |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
|  | Johnson Tr. 39:5-41:6, 49:12-50:7. Evidentiary Objection: Irrelevant (FRE 402); Hearsay (810-803); Misrepresents deposition testimony; Proffered evidence does not support the alleged fact; "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Opposing Parties' Evidence: Seibel Decl., ¶ 53. |
| 92.   International and Distribution's officers, directors and employees are comingled on Defendants' website and are listed without identification as to whether they are Distribution or International's officers, directors or employees. | Disputed. Moving Party's Evidence: Fayer Decl. Ex. 26 ("About Us" Page). Evidentiary Objection: Irrelevant (FRE 402); Hearsay (810-803); Proffered evidence does not support the alleged fact; "A judicially noticed fact must be one not subject to reasonable dispute in that it is |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). <u>Opposing Parties' Evidence:</u> Fayer Decl. Ex. 26 ("About Us" Page). |
| 93.  The contact information on the "contact" page of Defendants' website is listed as:<br><br>Inferno<br>1888 Century Park East<br>Suite 1540<br>Los Angeles, CA 90067<br>Phone: +1 (310) 598-2550<br>Fax: +1 (310) 598-2551 | <u>Undisputed.</u> |
| 94.  The "Company Overview" narrative on Defendants' website is designed to actively cultivate confusion between the two Defendants | <u>Disputed.</u><br><u>Moving Party's Evidence:</u><br>Fayer Decl. Ex. 26 ("About Us" page).<br><u>Evidentiary Objection:</u><br>Irrelevant (FRE 402); Hearsay (810-803); Proffered evidence does not |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | support the alleged fact; "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). <br> Opposing Parties' Evidence: <br> Seibel Decl., ¶ 53. |
| 95.  The "Company Overview" does not distinguish between the two Defendants. | Disputed. <br> Moving Party's Evidence: <br> Fayer Decl. Ex. 26 ("About Us" page) <br> Evidentiary Objection: <br> Irrelevant (FRE 402); Hearsay (810-803); Proffered evidence does not support the alleged fact; "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | reasonably be questioned." Fed. R. Evid. 201(b).<br><br>Opposing Parties' Evidence: Seibel Decl., ¶ 53. |
| 96. The "Company Overview" includes facts relating to both International and Distribution without delineating which facts are relevant to which company. | Disputed.<br>Moving Party's Evidence: Fayer Decl. Ex. 26 ("About Us" page).<br>Evidentiary Objection: Irrelevant (FRE 402); Hearsay (810-803); Proffered evidence does not support the alleged fact; "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).<br>Opposing Parties' Evidence: Seibel Decl., ¶ 53. |
| 97. The "Company Overview" narrative on Defendants' website states: "[s]ince launching its operation in 2002, Inferno has…." | Disputed.<br>Moving Party's Evidence: Fayer Decl. Ex. 26 ("About Us" page). |

| Uncontroverted Facts | Supporting Evidence |
|---|---|
|  | <u>Evidentiary Objection:</u><br>Irrelevant (FRE 402); Hearsay (810-803); Proffered evidence does not support the alleged fact; "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).<br><u>Opposing Parties' Evidence:</u><br>Seibel Decl., ¶ 53. |
| 98.  International did not exist until April 2008. | <u>Undisputed.</u> |
| 99.  The "Company Overview" narrative on Defendants' website states: "Inferno continues to pursue a full range of new relationships and strategic alliances with financiers, independent production companies, producers and studios." | <u>Disputed.</u><br><u>Moving Party's Evidence:</u><br>Fayer Decl. Ex. 26 ("About Us" page); Seibel Tr. 106:2-107:8, 120:3-11.<br><u>Evidentiary Objection:</u><br>Irrelevant (FRE 402); Hearsay (810-803); Proffered evidence does not support the alleged fact; "A judicially noticed fact must be one not subject |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). <u>Opposing Parties' Evidence:</u> Seibel Decl., ¶ 53. |
| 100. Distribution has not participated in the production, sale or distribution of any new films since the launch of International in April 2008. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> Mann Tr. at 26:3-17; Johnson Tr. 32:21-33:6, 43:11-20; Strina Tr. 13:11-25. <u>Evidentiary Objection:</u> Irrelevant (FRE 402); Misrepresents deposition testimony; Proffered evidence does not support the alleged fact. <u>Opposing Parties' Evidence:</u> SAA, ¶ 5 ("Term"); Seibel Decl., ¶¶ 5, 8; Chang Decl., Ex. ¶ 21. |
| 101. Philip Strina is in house legal counsel for both Distribution and International. | <u>Undisputed.</u> |
| 102. Distribution and International share | <u>Undisputed.</u> |

- 32 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| outside legal counsel. | |
| 103. Distribution and International share rent. | Undisputed. |
| 104. Distribution and International share utilities. | Undisputed. |
| 105. Pamela Pickering is compensated by and performs services for both Distribution and International. | Undisputed. |
| 106. Lesley Gross is compensated by and performs services for both Distribution and International. | Undisputed. |
| 107. Phil Strina is compensated by and performs services for both Distribution and International. | Undisputed. |
| 108. Emily Friendship is compensated by and performs services for both Distribution and International. | Undisputed. |
| 109. Emily Friendship is confused about which company she works for and who compensates her. | Disputed.<br>Moving Party's Evidence:<br>Friendship Tr. 26:14-29:1, 33:19-23.<br>Evidentiary Objection:<br>Irrelevant (FRE 402); mischaracterizes testimony.<br>Opposing Parties' Evidence:<br>Friendship Tr. 26:14-29:1, 33:19-23. |
| 110. Bill Johnson is compensated by and performs services for both Distribution and | Undisputed. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| International. | |
| 111. Jim Seibel is compensated by and performs services for both Distribution and International. | Undisputed. |
| 112. The principals of International and Distribution have started two new similar companies in the past two years: Ember Entertainment, LLC (April 2010) and IAV Holdings, LLC (April 2011). | Disputed. Moving Party's Evidence: Strina Tr. at 30:12-35:16 (IAV Holdings); Seibel Tr. at 112:2-117:1. Evidentiary Objection: Irrelevant (FRE 402); Misrepresents deposition testimony; Proffered evidence does not support the alleged fact. Opposing Parties' Evidence: Seibel Decl., ¶¶ 54-55; Relevant Transcript Excerpts of Deposition of William Johnson ("Johnson Depo.") , 34:25-35:5; Relevant Transcript Excerpts of Deposition of James Seibel ("Seibel Depo."), 73:12-74:12. |
| 113. Defendants' website lists the Picture as a film owned by Ember Entertainment, LLC. | Disputed. Moving Party's Evidence:  Seibel Tr. at 136:17-142:21. Evidentiary Objection: Irrelevant (FRE 402); Lacks authentication (FRE 901); Misrepresents deposition testimony; |

- 34 -

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Proffered evidence does not support the alleged fact. <u>Opposing Parties' Evidence:</u> Seibel Tr. at 136:17-142:21. |
| 114. International is the alter ego of Distribution. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> *See supra* evidence in support of ¶¶ 54-113. <u>Evidentiary Objection:</u> <u>See generally</u> objections to Moving Party's evidence in support of ¶¶ 54-113. This is not a fact, but legal conclusion. <u>Opposing Parties' Evidence:</u> Seibel Decl., ¶¶1-3, 33-56; *see also* evidence in support of AUF #226-272. |
| 115. As the alter ego of Distribution, International is responsible for payment of the Sales Guarantee to the same extent as Distribution. | <u>Disputed.</u> <u>Moving Party's Evidence:</u> *See supra* evidence in support of ¶¶ 51, 54-113. <u>Evidentiary Objection:</u> *See generally* objections to Moving Party's evidence in support of ¶¶ 54-113. This is not a fact, but legal conclusion. <u>Opposing Parties' Evidence:</u> |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Uncontroverted Facts | Supporting Evidence |
|---|---|
| | *See* evidence in support of AUF # 117-302. |
| 116. Distribution now claims to lack funds to pay the Sales Guarantee. | Disputed.<br>Moving Party's Evidence:<br>*See* Lechner Decl. ¶ 24.<br>Evidentiary Objection:<br>Lacks personal knowledge (FRE 602); Hearsay (FRE 801-803).<br>Opposing Parties' Evidence:<br>Seibel Decl., ¶ 58; *see* evidence in support of AUF # 117-302. |

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 117.   Cinezeta is a special single purpose entity created specifically for the production of the Picture. | Chang Decl., ¶ 19, Ex. 52 (Declaration of Florian Lechner in Support of Plaintiff's Opposition to Defendants' Motion to Compel  (Docket #45)) (Hereinafter cited as "Lechner Decl. #1")), ¶ 4; Declaration of Florian Lechner in Support of Plaintiff's Motion for Partial Summary Judgment (Dock. # 51) (Hereinafter cited as "Lechner Decl., #2"), ¶ 3. |
| 118.   Since January 2008, Cine Pictures, Cinezeta's general partner, has been managing Cinezeta and 38 other | Lechner Decl. #1, ¶¶ 2-4. |

- 36 -

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| special purpose production companies formerly managed by Cinezeta's former general partner, Cinerenta. | |
| 119. Cine Pictures is also the current general partner of Cinezeta's sole limited partner, Cinerenta Gesellschaft fur Internationale Filmproduktion mbH & Co. V Medienbeteiligungs KG ("Cinerenta KG"), the company responsible for providing the funds for the financing of the Picture. | Lechner Decl. #1, ¶¶ 3,5. |
| 120. Cinerenta KG is one of five related funding companies formerly managed by Cinerenta and now managed by Cine Pictures that was investigated by German tax authorities. | Lechner Decl. #1, ¶¶ 5,6. |
| 121. Eberhard Kayser was the Director of Cinerenta, and, from 2003 to 2004, Marco Mehlitz was also a Director at Cinerenta | Chang Decl., ¶ 17, Ex. 46 (Cinezeta's Amended Responses to Distribution's Interrogatories), Response #1. |
| 122. Lechner testified as Cinezeta's Rule 30(b)(6) witness in this action on August 24, 2011. | Chang Decl., ¶ 8. |
| 123. Dr. Florian Lechner is the Director of Cine Pictures. | Chang Decl., ¶ 17, Ex. 36 (Cinezeta's Amended Responses to Distribution's Interrogatories), Response #1; Lechner |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

- 37 -

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| | Decl. #1, ¶ 1. |
| 124.    In late 2004, Distribution, First Look Media (together, "Sales Agent") and Cinezeta entered into a Sales Agency Agreement ("SAA"), effective August 30, 2004, and a Production Guarantee Agreement ("PGA"), effective December 1, 2004, regarding the Picture. | PGA; SAA; Chang Decl., ¶ 2, Ex. 37 (Complaint), ¶ 2; Seibel Decl., ¶ 10 (Exs. 60, 61). |
| 125.    Pursuant to these Agreements, Cinezeta agreed to produce, finance and deliver the Picture. | PGA; SAA; Chang Decl., ¶ 2, Ex. 37 (Complaint), ¶ 3. |
| 126.    Under the SAA, Distribution was granted the exclusive right to act as Sales Agent to distribute the Picture in certain foreign territories. | SAA; Chang Decl., ¶ 2, Ex. 29 (Complaint), ¶ 3. |
| 127.    "Sales Guarantee" is defined as follows: subject to the production and delivery of the Picture to Sales Agent in accordance with the Relevant Agreements, the payment pursuant to clause 4 below, in the amount of US $7,694,100 guaranteed by the aggregate of the following collateral totaling: (i) US$1,811,000 from the Presale | PGA, § 1.1 (Definition of Sales Guarantee). |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Agreements.<br><br>(ii) US\$2,850,000 from the BOI Letter of Credit.<br><br>(iii) US\$3,600,000 in the form of an irrevocable assignment from the Service Providers to [Cinezeta] for US\$3,600,000 worth of tax credits along with a letter from Wolrige Mahon Chartered Accountants and the Saskatchewan government confirming the amount of tax credits.<br><br>(iv) any shortfall from (i), (ii) or (iii) above shall be covered by a corporate guarantee from Sales Agent in favour of [Cinezeta]. Such Sales Guarantee shall be applied by [Cinezeta] towards recoupment of the budgeted cost of the Picture on the terms and subject to the conditions of this Agreement including the Approved Recoupment Schedule and the terms of the Collection Agreement. | |
| 128.   Paragraph 4 of the PGA, under the heading "GUARANTEE" provides, as follows: | PGA, § 4 ("GUARANTEE"). |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 4.1  All parties hereby agree that KG is the sole beneficiary of the tax credits and that the tax credits shall be payable directly to the KG rather than the Collection Account. | |
| 4.2  All parties hereby agree that the sole beneficiary of the BOI Letter of Credit is the KG. | |
| 4.3 . . . For the avoidance of doubt it is acknowledged that the liability of Sales Agent to pay the Sales Guarantee and the amount of the Sales Guarantee shall be subject to reduction in accordance with the Approved Recoupment Schedule and subject to reduction for any amounts of the Sales Guarantee that are paid directly to KG rather than the Collection Account which amounts KG will advise the Collection Agent have been paid directly to KG and, as a result, should reduce the amount of the Sales Guarantee accordingly. If the Sales Agent pays the Sales Guarantee, KG shall grant the Sales Agent a first position security | |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| interest that is subordinate to any security interest granted to BOI under the BOI Interparty Agreement in its rights in the Territory to the Picture until an amount equal to the Sales Guarantee has been recouped by the Sales Agent. | |
| 4.4 Sales Agent hereby irrevocably agrees that KG is the sole beneficiary of the Sales Guarantee. In the event the Sales Guarantee is enforced . . . Sales Agent acknowledges that the payment is without off-set by Sales Agent, or any other third party. . . . | |
| 4.5 Sales Agent hereby irrevocably agrees that in the event the Sales Guarantee is not paid by the Payment Date  in accordance with the terms of this Agreement and the Relevant Agreements, then, KG may, at its election, terminate the Sales Agency Agreements by notice.  In an event of termination as provided herein, the engagement of Sales Agent pursuant to this Agreement and the Relevant Agreements shall automatically and immediately revert to KG. . . . | |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 129.     The PGA provides that if any one or more of the following events occur: "Sales Agent materially breaches any of the terms hereof which breach (where capable of remedy) is not remedied within 21 days of the receipt by such party of a written notice from KG specifying the breach and the steps reasonably required to remedy the same. . ." | PGA, § 9.1.1. |
| 130.     Failure to satisfy the Sales Guarantee by January 10, 2008 is <u>not</u> listed as an Event of Default. | PGA, § 9 (*see e.g.*, "Events of Default"). |
| 131.     The PGA contains no representations, warranties, or covenants that Distribution will pay the Sales Guarantee by the Payment Date. | PGA. |
| 132.     Nothing in the PGA states that failure to satisfy the Sales Guarantee by January 10, 2008 constitutes a breach of the PGA. | PGA (*see e.g.*, § 9 ("Events of Default").). |
| 133.     The PGA provides: "<u>in the event</u> the Sales Guarantee is not paid by the Payment Date[,]" Cinezeta "may, at its election, terminate the Sales Agency Agreements by notice." | PGA, § 4.5. |
| 134.     In the event of termination, | PGA, § 4.5. |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| "[Cinezeta] shall be entitled to (i) the benefits of all agreements entered into by Sales Agent for exploitation of the Picture and (ii) possession of all documents relating thereto." | |
| 135.    The PGA does not state that, in the event that the Sales Guarantee is not paid by the Payment Date, Cinezeta has the option to collect immediately the entirety of the Sales Guarantee. | PGA. |
| 136.    Dr. Lechner testified: "if money comes in, then it reduces the guaranty." | Relevant Transcripts Excerpts from the Deposition of Florian Lechner ("Lechner Depo."), 200:14-15, 200:20-25. |
| 137.    The PGA provides that Cinezeta "shall at all time pay for its liabilities with its own funds which have been obtained from its operations." | PGA, Schedule A, KG's Representations, § 7.5 ( INF 00000016). |
| 138.    When it signed the PGA, Distribution never believed it would be liable to pay the monetary equivalent of the tax credits if the Canadian Government issued the tax credits but they were subsequently stolen by Service Providers hired and controlled by Cinezeta. | Seibel Decl., ¶¶ 13,15. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 139.    Under the PGA, Cinezeta represented, warranted and covenanted: "That to the best of its knowledge and belief the Relevant Agreements are or will in accordance with their terms be valid and subsisting as they relate to KG and that KG will where commercially expedient to do so and without causing any derogation of its obligations under this Agreement comply or procure compliance with the terms thereof, obtain all approvals needed thereunder and do all such acts as may be necessary to enforce the terms thereof and without the previous written consent of Sales Agent (such consent not to be unreasonably withheld) vary or cancel to any variation or cancellation of the terms thereof." | PGA, Schedule A (KG's Representations), § 1.1 (INF 00000014). |
| 140.    The PGA provides that "except for the Relevant Agreements and any related agreements, [Cinezeta] has not entered into any agreement or granted any license, security interest or other interest affecting the Picture." | PGA, Schedule A, KG's Representations) § 5.1 (Adverse Grant) (INF 00000015). |
| 141.    In the SAA, Cinezeta represents and warrants, "(c) Other than | SAA, ¶ 16 (a)-(b) (Representations and Warranties) (INF00000031). |

- 44 -

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| in respect of the production financing of the Picture, Katja Motion Picture Corp., New Line, the Bank of Ireland and the Bank and standard bond, lab or guild liens, there are no liens or encumbrances against the Picture that would materially adversely affect Sales Agent's rights hereunder; (d) To the best of its knowledge, there is no claim, action or proceeding related to or affecting the Picture either pending or threatened. Producer's representations and warranties are true and complete as of the date of this Agreement and shall remain so throughout the Term of this Agreement." | |
| 142.    The PGA provides that the Picture's Production Account will be "opened solely for the purposes of the production of the Picture" and provides that "Cinezeta shall not commingle its funds and its other assets with those of any other entity or person…". | PGA, § 1.1 (Definition of "Production Account"); PGA, Schedule A, KG's Representations and Warranties § 7.6 (INF 00000016). |
| 143.    Lawyers for Cinezeta and Infinity were involved in the negotiation and drafting of the Agreements. | Seibel Decl., ¶¶ 11-12; Relevant Transcript Excerpts from the Deposition of Michael Ohoven ("Ohoven Depo."), 54:10-55:4. |

- 45 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 144. Distribution understood Michael Ohoven to be a representative of Cinerenta. | Mann Depo., 92:2-5; Seibel Decl., ¶ 19, Ex. 66. |
| 145. Distribution did not draft the Agreements and was not represented by counsel during the negotiations or drafting. | Seibel Decl., ¶ 11. |
| 146. Seibel, a non-lawyer who did not graduate from college, signed the agreements on behalf of Distribution. | SAA (INF 00000013); PGA (INF 00000033); Seibel Decl., ¶ 11. |
| 147. Prior to the Agreements, Distribution had sold other films in Cinerenta's film library but had not entered into any guarantee agreements with Cinezeta. | Seibel Decl., ¶¶ 9,11; Ohoven Depo., 30:23-31:10. |
| 148. International did not sign any of the Agreements. | SAA (INF 00000013); PGA (INF 00000033). |
| 149. International was not formed at the time the Agreements were executed. | Cinezeta's Proposed Undisputed Fact ("CF") 54; Seibel Decl., ¶ 37; Seibel Decl., ¶42, Ex. 72 (Articles of Incorp.); SAA (INF 00000013); PGA (INF 00000033). |
| 150. On September 28, 2004, Marco Mehlitz sent an email to the parties to the Agreements that stated: "Cinerenta Investors are well informed | Seibel Decl., ¶ 14, Ex. 64 (Mehlitz Email). |

- 46 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| about the few deals Inferno had been able to secure in the past two years while selling the Cinerenta Library, generating almost no profits for Inferno. As the legal opinion on the tax credit is a bankable document itself, this will certainly be fine." | |
| 151.    Around the time that the PGA was negotiated and signed, Distribution understood that its guarantee obligations would be, at the very most, the $7,694,100 <u>minus</u> the $3,600,000 from the tax credits assignment. | Seibel Decl., ¶¶ 13-15 |
| 152.    Mooseface Films, Inc. ("MF") and Just Friends Productions ("JFP" and collectively, the "Service Providers") and Cinezeta, entered into the Production Services Agreement ("PSA"), effective August 25, 2004. | Seibel Decl., ¶ 17, Ex. 65; Lechner Depo., 272:3-24, Ex. 39; Chang Decl., ¶ 17, Ex. 48 ( Cinezeta's Resp. to Distribution's RFAs Set 2), Resp. # 100.; Fayer Decl., ¶ 4, Ex. 17 (Hereinafter referred to as "PSA"). |
| 153.    The PGA defines "Relevant Agreements" as "this Agreement, the Sales Agency Agreements, the Production Services Agreement, the Assignment of Rights, and the Completion Guarantor's comfort letter[.]" | PGA § 1.1. ("Relevant Agreements" definition). |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 154.    Pursuant to the PSA, Cinezeta engaged the Service Providers "to provide all production services with respect to the Picture as independent service providers on a work-for-hire basis . . . on behalf and for the account of and under the direction and control of the Producer as set forth in this agreement (the "**Production Services**")." | PSA, § 2. |
| 155.    The PSA provides that "The Producer shall have the right, and intends continually, to supervise, or cause others to supervise, all production contracts and processes . . ." | PSA, § 2. |
| 156.    The PSA provides that all agreements the Production Service Providers enter into "shall always be for the account and benefit of the Producer [.]" | PSA, §10. |
| 157.    The PSA provides: "Producer shall appoint a production advisor (the "Production Advisor") in its sole discretion, subject to the Production Services Providers' approval, such approval not to be unreasonably withheld, Infinity Media | PSA, § 8A. |

- 48 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| acting exclusively through Michael Ohoven being pre-approved. . .” | |
| 158.    The Service Providers and Cinezeta also entered into an Assignment of Tax Credits Agreement (“Assignment”), dated October 25, 2004. | Seibel Decl., ¶ 14, Ex. 11; Lechner Depo., 321:15-23, Depo. Ex. 41 (hereinafter referred to as the “Assignment”). |
| 159.    The Assignment provides in part: (1) “WHEREAS, [MF] and JFP entered into a production services agreement (“PSA”) with Cinzeta to provide production services on a work-for-hire basis on behalf of and under the direction and control of Cinezeta[;]” (2) “WHEREAS [MF] and JFP desire to assign their right to receive US$3,600,000 in tax credits (the “Tax Credits”) to Cinezeta[;]” (3) WHEREAS the calculation and detailed breakdown of the Tax Credits is attached as Exhibit “A” and estimate letters from SaskFilm and the chartered accounting firm of Wolrige Mahon confirming the amount of Tax Credits available are attached as Exhibit “B”[;]” (4)“[MF] and JFP hereby irrevocably and unconditionally | Assignment, p. 1. |

- 49 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| assign to Cinezeta the Tax Credits[;]" and (5) "Cinezeta acknowledges and agrees that its receipt of the Tax Credits shall be used to reduce the Tax Credit Guarantee as defined in the Guarantee Agreement." | |
| 160.     Distribution was not a party to the PSA or the Assignment. | PSA; Assignment; Seibel Decl., ¶ 17. |
| 161.     William Vince was a principal of the Service Providers and other associated companies including Infinity Features Entertainment Inc ("IFE") and Cavern Productions Limited ("Cavern"). | Chang Decl, ¶ 11, Ex. 41 (Lechner Affidavit); Chang Decl., ¶ 10, Ex. 33 (Brief of Applicant), ¶ 27; Lechner Depo., 256:18-257:2. |
| 162.     Ohoven and Vince had a dispute over the ownership of IFE. | Ohoven Depo., 14:16-29:19; Lechner Depo., 295:5-12. |
| 163.     On August 1, 2006, Andrew Mann sent Seibel an email stating: "[Bill Vince] WAS president of [Infinity] USA which has the management agreement with Cinerenta (in other words all employees of the company had a relationship with Cinerenta). . ." | Seibel Decl., ¶ 19, Ex. 66. |
| 164.     Cavern was a production service entity that was hired for the production of *Alicia's Book*, a Cinerenta | Lechner Depo., 305:11-20. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| film that never materialized. | |
| 165.     The PGA provides that "Pursuant to the [PSA], [Cinezeta] will engage the Service Providers to provide production services for [Cinezeta] and to make Delivery to Sales Agent." | PGA, Recital (C). |
| 166.     The PGA defines "Delivery" as "delivery of the Delivery Materials of the Picture to Sales Agent as specified and defined in the Completion Guaranty." | PGA, § 1.1 (Definition of "Delivery"). |
| 167.     Distribution never received a copy of, nor was made party to, a Completion Guaranty specifying, defining, and insuring the manner of Delivery to Distribution. | Seibel Decl., ¶ 18. |
| 168.     The SAA provides: "'Delivery' shall mean delivery to the location specified by Sales Agent and technical acceptance by Sales Agent of all items listed on Schedule "A". . . Delivery must be completed by November 30, 2005 . . ." | SAA, ¶ 7 (Delivery). |
| 169.     By November 5, 2005, Distribution still had not received all of the elements set forth in Schedule A of the SAA. | Seibel Decl., ¶ 20, Ex. 67. |

- 51 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 170.      Schedule A is entitled "Delivery Requirements" and describes various elements under the following headings: "Picture Elements", "Sound Elements",  "Video Elements", 'Trailer Elements; "Documentation", "Publicity and Advertising Materials". | SAA, Schedule A. |
| 171.      On January 17, 2006, Seibel sent an email to Vince and Ohoven stating: "can we figure out when we are going to meet? The commission and marketing allowance aside…I continue to have distributor problems….the UK is demanding payment for the trailer….Spain is getting very vocal about not receiving access to the IN for their release next month.  The current delivery schedule is inefficient and we are getting bombarded with complaints.  The reason for this is that we have not sorted out the Just Friends paperwork.  Inferno has not been contractually delivered the film by the production so we can't place orders to fulfill the buyers.   First Look has personnel changes in their delivery department which is making matters | Seibel Decl., ¶ 20, Ex. 67. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| even more difficult and slowing things down…The film was delivered to New Line 2 [] months ago.  It's time to wrap this up." | |
| 172.     Vince responded to Seibel's letter on January 18, 2006 stating: "Jim the film is not delivered..[sic] they still have issue with paperwork and hold 300 dollars..[sic] I will send the cost report in as it seem [sic] like your ok with it." | Seibel Decl., ¶ 20, Ex. 67 |
| 173.     On July 19, 2006, James MacLean emailed Julia Leiterman at Infinity Features stating: "Why is it one time access? This doesn't make sense as other distributions will need to order shortly as well.  It needs to be access period." | Seibel Decl., ¶ 21, Ex. 68. |
| 174.     On July 31, 2006, Seibel sent an email to Vince and Ohoven with the subject: "RE: lab access – Just Friends" that stated: It should be noted that James put Infinity on written notice about our needs to have access on the 19th of July when we had the last issue. Again – no action from the production services company to resolve this." | Seibel Decl., ¶ 21, Ex. 68. |

- 53 -

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 175.    Distribution has not received all of the elements set forth in Schedule A of the SAA. | Seibel Decl., ¶ 23. |
| 176.    While Distribution still was able to sell the Picture to sub-distributors, the lack of contractual delivery hindered its ability to do so (as reflected in its correspondence) and likely will continue to hinder its ability to sell the Picture during the second cycle of sales. | Seibel Decl., ¶ 20, Ex. 67; Seibel Decl., ¶ 23. |
| 177.    With respect to the Picture's elements, Distribution has not received a complete set of all the signed vendor agreements, music publishing licenses, audio stems, clearance agreement, hot cost reports, production ledgers, production notes, complete set of 35mm production stills (slides), lab access agreements (giving Distribution access for the duration of SAA), hard drives of music masters, and CDs of all cleared music. | Seibel Decl., ¶ 23. |
| 178.    A document entitled "Official Designee Affidavit" with Kayser's signature, dated On March 17, 2005, provides as follows: "I hereby | Chang Decl., ¶ 14, Ex. 44 (L. Vince Affidavit), p. 57 (Ex. I to Vince Affidavit (2005 Kayser Affidavit)). |

- 54 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| authorized <u>Just Friends Productions, Inc.</u> to be my Official Designee for purposes of applying to the Canadian Audio-Visual Certification Office of the Department of Canadian Heritage ("CACO") under the Film or Video Production Services Tax Credit ("PSTC") for an Accredited Film or Video Production Certificate ("Accreditation Certificate")" and "I am a copyright owner, or an authorized officer or director of the corporate entity [<u>Cinezeta</u>], which is a copyright owner of the production, entitled <u>Just Friends</u> . . .". | |
| 179.     Distribution was unaware of the March 17, 2005 authorization. | Seibel Decl., ¶ 60. |
| 180.     In April 2006, JFP applied to CIBC to borrow up to $3,630,773.00 against the Picture's tax credits. | Chang Decl., ¶ 12, Ex. 42 (Meldrum Affidavit), ¶ 9; Chang Decl., ¶ 14, Ex. 44 (L. Vince Affidavit), ¶¶ 5, 11, Ex N; Chang Decl., ¶ 13, Ex. 43 (Brief of Applicant),¶ 38. |
| 181.     CIBC agreed to the loan on April 28, 2006. | Chang Decl., ¶ 13, Ex. 33 (Brief of Applicant),¶ 38 |
| 182.     A bank statement for JFP entitled "CIBC Business Operating Account, Statement period ending May | Chang Decl., ¶ 14, Ex. 44 (L. Vince Affidavit), ¶¶ 5, 11, Ex. N; Chang Decl., ¶ 13, Ex. 43 (Brief of Applicant),¶ 40. |

LA 51462934

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 31, 2006" shows that on May 11, 2006, CIBC deposited CDN $3,059,887.00 and CDN $320,886.00 into JFP's bank account. | |
| 183.  A bank statement for JFP entitled "CIBC Business Operating Account, Statement period ending May 31, 2006" shows that on May 12, 2006, JFP transferred CDN $3,000,000.00 to IFE. | Chang Decl., ¶ 14, Ex. 44 (L. Vince Affidavit), ¶¶ 5, 11, Ex. N; Chang Decl., ¶ 13, Ex. 43 (Brief of Applicant),¶ 41. |
| 184.  A bank statement for IFE entitled "CIBC Business Operating Account, Statement period ending May 31, 2006" shows that on May 12, 2006, IFE transferred CDN $2,000,000 to Cavern. | Chang Decl., ¶ 11, Ex. 34 (L. Vince Affidavit), ¶¶ 10, Ex. P; Chang Decl., ¶ 10, Ex. 33 (Brief of Applicant),¶ 40. |
| 185.  Andrew Mann testified that the money from the tax credits "were financed by – the asset was financed by [CIBC].  When the proceeds of that financing were received, they were sent to Infinity.  When the proceeds came from the tax credits, they went back to pay the loan, so the bank was out.  So the substance of the transaction is Infinity has the three odd million dollars of cash…[Infinity] kept, make it up, a | Mann Depo., 168:20-169:5. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| million and a half dollars and who knows where that went.. .And the other $2 million was under a clever little team, who constructs, used to satisfy another debt that had to do with another film that related to Cinerenta." | |
| 186.     A letter on Cinerenta letterhead dated September 19, 2006 from Kayser addressed to Cavern with the reference "Escrow Agreement, dated May 27, 2003 For "Alicia" ("Escrow Agreement") provides as follows: "Please be advised that Cavern that Cinegamma Internationale Filmproduktion mbH & Co. 1. Beteilgungs hereby cancels the Escrow Agreement and demands that the full amount, including interest, held in escrow be wired to: City National Bank ... Account Number 112-646442 ..." ("Acct 646442"). | Chang Decl., ¶ 14, Ex. 44 (L. Vince Affidavit), ¶¶ 10, Ex. J. |
| 187.     A letter on Cinerenta letterhead dated September 25, 2006 with Kayser's signature addressed "To Whom It May Concern" states as follows: "I am writing to confirm that the attorney Mr. Lee Sacks is | Chang Decl., ¶ 14, Ex. 44 (L.Vince Affidavit), ¶ 10, Ex. J. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| representing [Cinerenta] and [Cinegamma] in various disputes and unresolved matters with Infinity and the Service Companies relating to the following motion pictures projects: "Alicia's Book", "Dreaming of Julia", "Just Friends", "White on White" a.k.a. "Ripley". | |
| 188.     A letter on Cavern letterhead dated September 28, 2006, with Vince's signature and the subject "Cavern Productions account # 7N5865," provides as follows: "This is your authority to wire USD 6,000,000 using the following instructions: "Bank: City National Bank…Account Number:112-646442.  Please debit our US account #7N5865." | Chang Decl., ¶ 14, Ex. 44 (L. Vince Affidavit), ¶ 10, Ex. J. |
| 189.     Cavern's general ledger as of September 30, 2006 indicates that on September 28, $6,000,082.60 was transferred from Cavern's account #7N5865 with the note "Wire to Lee Sacks." | Chang Decl., ¶ 14, Ex. 44 (L. Vince Affidavit), ¶¶ 10, Ex. J. |
| 190.     In the fiscal year 2007-08, JFP received $3,124,939 under the Government of Saskatchewan's Film | Chang Decl., ¶ 11, Ex. 41 (Florian Affidavit), ¶ 9. |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Employment Tax Credit Program. | |
| 191.    On July 12, 2007, Cinezeta, on the one hand, and JFP and MF, on the other hand, entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") relating to the Tax Credits. | Chang Decl., ¶ 17, Ex. 47 (Cinezeta's Amended Response to International's Interrogatories), Response #1; Chang Decl., ¶ 11, Ex. 41 (Florian Affidavit), ¶¶ 12-13, Ex. F (Settlement Agreement); Chang Decl., ¶ 15, Ex. 45 (hereinafter referred to as the "2007 Settlement Agreement"); Lechner Depo., 296:23-298:14. |
| 192.    The Settlement Agreement provides, in part: "MF and JFP shall pay the monetary equivalent of the Tax Credits received or credited to JFP or MF, less $540,000, to Cinezeta on January 9, 2008.  At the time that JFP and MP make the payment of the Tax Credits to Cinezeta as referred to above, JFP and MF shall, at the same time, place $540,000 into a separate escrow account until such time as the shortfall calculation referred to sub-paragraphs (b),(c) (d) and (e) below (the "Shortfall Calculation" is determined)." | 2007 Settlement Agreement. |
| 193.    Distribution did not know about the Settlement Agreement or the dispute arising up to the Settlement | Seibel Decl., ¶ 67. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Agreement until the instant litigation. | |
| 194.    A document entitled "Affidavit for Official Designee" with Kayser's signature dated August 3, 2007, provides as follows: "I, Eberhard Kayser…hereby authorize [MF] to be my Official Designee for purposes of applying to the Minister of Tourism, Sports, and the Arts (the "Certifying Authority") and F.D.B.C. Film Development Society of British Columbia ("British Columbia Firm") under Production Service Tax Credit for an Accreditation Certificate . . . I am an authorized officer or director of the corporate entity [Cinezeta], which is a copyright owner of the production entitled <u>Just Friends</u> . . ." | Lechner Depo., 327:24-330:18, Depo. Ex. 43; Chang Decl., ¶ 11, Ex. 41 (Lechner Affidavit), ¶ 9, Ex. E thereto (2007 Kayser Affidavit). |
| 195.    Cinezeta claims that all of the Canadian tax credits were paid to the Service Providers but that these entities "absconded the funds, kept them for themselves and now claim to be insolvent." | Chang Decl., ¶ 17, Ex. 47, Response #1; Lechner Depo., 167:1-169:1, 261:12-16, 295:15-296:19. |
| 196.    Cinezeta claims that it is still trying to recover the tax credits, and claims that it is possible that the tax | Chang Decl., ¶ 17, Ex. 47, Response #1; Lechner Depo., 357:20-358:12 |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| credits still may come in. | |
| 197.      Cinezeta filed an action in bankruptcy court in Canada allegedly seeking to have Just Friends Productions Inc. be adjudged bankrupt. | Chang Decl., ¶ 17, Ex. 47, Response #1; Chang Decl., ¶ 13, Ex. 43 (Brief of Applicant). |
| 198.      Distribution was not a party to, nor aware of, the CIBC loan, the apparent transfers of money between the various Vince entities or actions until the instant litigation. | Seibel Decl., ¶ 70; Lechner Depo., 311:13-20. |
| 199.      Distribution and Cinezeta designated Fintage House ("Fintage") to be the third party collection agent who would manage the Picture's collection account (the "Collection Account"). | Melchior Decl., ¶¶ 3-5; Lechner Depo., 314:12-315:14; Seibel Decl., ¶ 16; UF 41. |
| 200.      Fintage disbursed funds from the Collection Account only after both Cinezeta and Distribution consented to the disbursement allocation. | Melchior Decl., ¶¶ 3-5; Lechner Depo., 314:12-315:14; Seibel Decl., ¶ 30. |
| 201.      On March 3, 2006, Cinezeta received $2,910,265.23 from the Collection Account. | Chang Decl., ¶ 13, Ex. 36, Response 21; UF 43. |
| 202.      At or about the same time, Inferno also received $200,000 and First Look received $200,000. | Melchior Decl., ¶ 8, Ex. 3. |
| 203.      On March 7, 2008, | Lechner Depo., 339-340, Ex. 7; Seibel |

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Cinezeta and Distribution sent instructions to Fintage, authorizing it to pay Cinezeta $1,220,346.00 and Distribution $393,344 and $249,577. | Decl., ¶ 30; Chang Decl., ¶ 17, Ex. 49, Responses #94-99. |
| 204.    Distribution authorized Fintage to pay the $249,577 directly to Infinity for a consulting fee that Infinity had not been paid. | Ohoven Depo., 70:13-72:1 |
| 205.    On March 13, 2008, Distribution received $393,344 from the Collection Account. | Melchior Decl., ¶ 8, Ex. 3. |
| 206.    On or about March 14, 2008, Cinezeta received $1,220,346. | Melchior Decl., ¶ 8, Ex. 3; Chang Decl., ¶ 13, Ex. 36, Response #21; UF 44. |
| 207.    These payments were disbursed pursuant to an agreement between Ohoven, Lechner, and Mann. | Lechner Depo., 333:25-339:1. |
| 208.    On February 5, 2009, Fintage sent a letter to Lechner attaching a statement for the Picture. | Lechner Depo., 341:17-342:25, Ex. 45; Melchior Decl., ¶ 7, Ex. 2. |
| 209.    Cinezeta did not object to the payment of $5,998.58 to Distribution. | Lechner Depo., 341:17-342:25, Ex. 45; Melchior Decl., ¶ 8. |
| 210.    On March 16, 2009, Distribution received $5,998.58 of additional sales commission from the Collection Account. | Melchior Decl., ¶ 8, Ex. 3. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51462934

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 211.   On November 12, 2009, Fintage issued a statement for the Picture. | Melchior Decl., ¶ 8, Ex. 3; Seibel Decl., ¶ 32, Ex. 71; Fayer Decl., ¶ 10, Ex. 23. |
| 212.   On July 9, 2010, Fintage received Joint Payment Instructions signed by Lechner and Mann authorizing payment of $134,571.33 to Cinezeta, which Cinezeta thereafter received. | Melchior Decl., ¶ 1, Ex. 4. |
| 213.   Cinezeta has thus far received at least $4,266,182.56 from Fintage. | Chang Decl., ¶ 17, Ex. 46, Response #21. |
| 214.   These amounts that Cinezeta has received from the Collection Account reduce the aggregate amount of the Sales Guarantee. | PGA, Clause 4; Lechner Depo., 108:7-11, 358:1-361:8; Mann Depo., 75:19-76:1. |
| 215.   Any future money that Cinezeta receives from the exploitation of the Picture reduces the Sales Guarantee (to the extent not reduced to $0). | PGA; Lechner Depo., 358:1-361:8. |
| 216.   The Sales Guarantee of $7,694,100 has been reduced by at least $4,266,182.56. | Seibel Decl., ¶ 11, Ex. 10, Clause 4; Lechner Depo., 108:7-11, 358:1-361:8; Mann Depo., 75:19-76:1. |
| 217.   On December 14, 2010, Cinezeta's counsel sent a letter to Distribution demanding payment of the | Seibel Decl., ¶ 61, Ex. 79. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

- 63 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Sales Guarantee (or arrangement thereof) within three business days. | |
| 218.     This was the first time Distribution received any written demand for payment under the PGA. | Seibel Decl., ¶ 61. |
| 219.     Prior to this, Distribution did not believe that Cinezeta would file a claim or demand payment of the Sales Guarantee. | Seibel Decl., ¶ 61. |
| 220.     On December 17, 2010, Distribution sent a letter to Cinezeta requesting documents supporting Cinezeta's demand. | Seibel Decl., ¶ 62, Ex. 80. |
| 221.     Cinezeta did not give written notice of breach until December 14, 2010, if at all. | Seibel Decl., ¶ 61; Chang Decl., ¶ 17, Ex. 49, Resp. 77. |
| 222.     Cinezeta did not respond to the December 17, 2010 letter. | Seibel Decl., ¶ 62. |
| 223.     On December 27, 2010, Cinezeta filed this lawsuit. | Chang Decl., ¶ 1, Ex. 37. |
| 224.     On December 24, 2010, Mann sent Seibel an email copying Lechner stating, inter alia: "I got a rather disturbing call from [Lechner] and his lawyer on the topic of the [Sales Guarantee]…" and "I'm not cooperating at all from today forward." | Seibel Decl., ¶ 63, Ex. 81. |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 225.  In November 2002, Distribution was formed. | Seibel Decl., ¶ 1, Ex. 56. |
| 226. Distribution's only members and managers are Jim Seibel and William Johnson. | Seibel Decl., ¶ 2, Ex. 57; ¶ 3, Ex. 58. |
| 227.  There have never been any other owners. | Seibel Decl., ¶ 2, Ex. 57; ¶ 3, Ex. 58. |
| 228.  Distribution's assets include its sales agency contracts, copyrights, rights for prequels, sequels, TV spinoffs, and equity ownership in certain films. | Seibel Decl., ¶ 5. |
| 229.  A sales agency agreement grants Distribution the right to sell a film in certain territories for a given term of years. | Seibel Decl., ¶ 5. |
| 230.  In exchange for selling a film, Distribution usually is granted a percentage commission of all gross sales from that film along with a marketing allowance to recoup marketing and distribution expenses. | Seibel Decl., ¶ 5. |
| 231.  Distribution continues to maintain rights in, and generate revenues from, its titles, including the Picture, and will soon be its second cycle of sales contracts for its titles. | Seibel Decl., ¶ 49. |

LA 51462934

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 232.   On July 5, 2006, Distribution entered into a Credit, Security, Guaranty and Pledge Agreement with D.B. Zwirn ("Zwirn"), which provided up to $65 million of debt financing for film productions meeting certain criteria (the "Credit Facility"). | Seibel Decl., ¶ 33. |
| 233.   Under the Credit Facility, Distribution was able to produce approximately five films. | Seibel Decl., ¶ 33. |
| 234.   In February 2008, Distribution became aware of rumors of a world-wide meltdown in the credit markets indicating Zwirn would collapse, thereby freezing up all credit and tying up all pledged collateral. | Seibel Decl., ¶ 34. |
| 235.   Soon thereafter, on or about March 28, 2008, Zwirn notified Distribution that it must cease all lending opportunities under the Credit Facility. | Seibel Decl., ¶ 34. |
| 236.   Thereafter, Distribution could not acquire new sales contracts or obtain financing for new projects. | Seibel Decl., ¶ 35; Mann Depo., 38:2-39:1. |
| 237.   At the time, Distribution had films in various stages of post- | Seibel Decl., ¶ 35. |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| production. | |
| 238.   Rather than file for bankruptcy, Distribution continued to operate and deliver its films. | Seibel Decl., ¶ 35. |
| 239.   Distribution has satisfied its obligations under the Credit Facility. | Seibel Decl., ¶ 36. |
| 240.   International was formed in April 2008. | Seibel Decl., ¶ 37, 42, Ex. 72 |
| 241.   International and Distribution are two separate legal entities. | Seibel Decl., ¶ 1, Ex. 56, ¶ 42, Ex. 72; Mann Depo., 94:15-23. |
| 242.   Seibel and Mann were the founding managers and members of International. | Seibel Decl., ¶ 43, Ex. 73; Mann Depo., 17:2-4. |
| 243.   Thereafter, Johnson and James MacLean ("MacLean") became managers and members. | Seibel Decl., ¶ 43, Ex. 73. |
| 244.   MacLean is no longer a manager or member of International. | Seibel Decl., ¶¶ 43, Ex. 73; Mann Depo., 52:7-53:4. |
| 245.   International was formed to start new projects. | Seibel Decl., ¶ 38. |
| 246.   International was formed because Distribution could not obtain financing for new projects due to the Zwirn meltdown. | Seibel Decl., ¶¶ 37-38; Mann Depo., ¶ 38:3-39:1. |
| 247.   The decision to start International had nothing to do with the | Seibel Decl., ¶¶ 37-38; Mann Depo., ¶ 38:3-39:1, 55:25-56:25. |

- 67 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Sales Guarantee, or any purported debt it owed to Cinezeta, or any other entity or person for that matter. | |
| 248.   It was not formed with the intent to avoid paying creditors or outstanding debts. | Seibel Decl., ¶¶ 37-38; Mann Depo., ¶ 38:3-39:1, 55:25-56:25. |
| 249.   At the time International was formed, Distribution did not think it owed Cinezeta any money. | Seibel Decl., ¶ 38; Mann Depo., 55:25-56:25. |
| 250.   At the time, Cinezeta had never given any written notice to Distribution that any portion of the Sales Guarantee was outstanding. | Seibel Decl., ¶ 38; Chang Decl., ¶ 17, Ex. 48, Supp. Resp. #61. |
| 251.   Distribution has never transferred, assigned, gifted or sold any assets or rights in its sales contracts or any of its assets or rights in the Picture (or any of its titles) to International. | Seibel Decl., ¶ 49. |
| 252.   Distribution and International both derive revenue from selling films. | Seibel Decl., ¶ 38. |
| 253.   Unlike Distribution, International also derives revenue from music publishing and from developing and producing films. | Seibel Decl., ¶¶ 38; 43, Ex. 73. |
| 254.   Distribution and International have distinct articles of | Seibel Decl., ¶ 1, Ex. 56, ¶ 2, Ex. 57, ¶ 42, Ex. 72; ¶ 43, Ex. 73. |

- 68 -

LA 51462934

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| incorporation and operating agreements. | |
| 255.   They maintain separate bank accounts at separate banks. | Seibel Decl., ¶ 44, Ex. 74;¶ 45, Ex. 75; ¶ 46, Ex. 76; Relevant Transcript Excerpts from Deposition of Emily Friendship, 44-47. |
| 256.   They have separate credit cards. | Seibel Decl., ¶ 47. |
| 257.   They maintain separate QuickBooks records – the mechanism by which each of the two entities maintains its general ledgers. | Seibel Decl., ¶ 50. |
| 258.   Money generated from Distribution's films are directed to Distribution's account and money generated from International's films go to International's account. | Seibel Decl., ¶ 50. |
| 259.   Each of Distribution's films has its own designated collection account with a third party collection agent. | Seibel Decl., ¶ 6. |
| 260.   Money disbursed from the collection account for a Distribution title, such as the Picture, is directed to Distribution's account. | Seibel Decl., ¶¶ 6-7. |
| 261.   Distribution does not transfer any significant amounts of money to International without | Seibel Decl., ¶ 48. |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| receiving consideration. | |
| 262.   The companies have each made intercompany loans to each other, but the loans are due on a certain date with interest. | Seibel Decl., ¶ 48. |
| 263.   Each entity files its own separate tax returns, and each has a separate taxpayer ID number. | Seibel Decl., ¶ 51. |
| 264.   International has several employees that are not employees of Distribution. | Seibel Decl., ¶ 52. |
| 265.   D.J. Guggenheim, Gary Preisler, Orrin Halper, and Kimberly Fox are not employees for Distribution but are employees of International. | Seibel Decl., ¶ 52. |
| 266.   Both companies are adequately capitalized. | Seibel Decl., ¶ 49. |
| 267.   Lechner testified that Cinezeta did not sue First Look because it "doesn't have any money" whereas Defendants "have the assets to come up for the guaranty." | Lechner Depo., 250:7- 251:12. |
| 268.   Distribution's revenues are used to continue Distribution's operations. | Seibel Decl., ¶ 50. |
| 269.   Each company continues to maintain rights and assets in films from | Seibel Decl., ¶ 49. |

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| which each derive revenue to operate and enter into contracts. | |
| 270.   Lechner testified that in March 2008, Cinezeta would not have authorized payment to Distribution had it thought it would have problems "cashing" the tax credits. | Lechner Depo., 338:13-339:12. |
| 271.   Payments due to Distribution from sub-licensees were not transferred to International. | Seibel Decl., ¶ 49. |
| 272. Distribution soon will be entering its second cycle sales contracts for its titles, and continues to maintain assets and generates revenue from its titles, including the Picture. | Seibel Decl., ¶ 49. |
| 273. The SAA defines Term as: Twenty-five (25) years from Delivery[.]" | SAA, ¶ 5 (Term). |
| 274.     The PGA provides: "[i]n the event of any inconsistency or omission as between this Agreement and the Sales Agency Agreements, the terms and conditions of the Sales Agency Agreements shall govern and control . . ." | PGA, § 13.2 (INF 00000012). |
| 275.     The PGA provides that Cinezeta "Pursuant to the Production | PGA, Recitals C (INF 00000002). |

- 71 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Services Agreement, KG will engage the Service Providers to provide production services for KG and to make Delivery to Sales Agent." | |
| 276.     The PGA provides that Cinezeta "hereby appoints any and all personnel of Infinity to be its consultant to liaise with Sales Agent in respect of the distribution and sales of the Picture." | PGA, § 5.2 (INF 00000008). |
| 277.     The PGA provides "Any notice or other communication to KG shall be marked for the attention of Eberhard Kayser, and sent to the address stated above (with a copy to be sent to Business & Legal Affairs, Infinity Media, Inc. . . ." | PGA, § 10.2 (INF 00000011). |
| 278.     The PGA provides that "[a]ny notice or demand to be given under these Agreements shall be in writing." | PGA, § 10.1 (INF 00000011). |
| 279.     Mann was a CFO of Distribution and, in April 2008, he became a manager and member of International. | Mann Depo., 16:16-17:11; Seibel Decl., ¶ 43, Ex. 73; Seibel Decl., ¶ 64. |
| 280.     Mann was involved in the management of Distribution's finances, payroll, and financial records. | Seibel Decl., ¶ 51. |

- 72 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 281.     Cinezeta alleges that Mann began consulting for Cinezeta in approximately 2009, and that Mann was, and still is, Cinezeta's agent. | Chang Decl., ¶ 17, Ex. 47 (Supp. Resp to International's Interrogatories), Resp. #1; Lechner Depo., 196:5-9; Lechner Decl. (#2), ¶26. |
| 282.     Mann stopped performing services for Defendants in late 2010. | Mann Depo., 80:16-81:18; Seibel Decl, ¶ 64. |
| 283.     Mann testified that he began getting paid by Cinezeta as a consultant since approximately 2008. | Mann Depo., 95:10-25. |
| 284.     Mann continues to perform services for Cinezeta. | Mann Depo., 97:17-22; Lechner Decl. (#2), ¶26. |
| 285.     Cinezeta now refuses to disclose emails with Mann and its attorneys on privilege grounds. | Chang Decl., ¶ 20., Ex 53. |
| 286.     Lechner testified that he met with Seibel at Inferno's offices in Los Angeles in 2009. | Lechner Decl. (#2), ¶ 25. |
| 287.     Lechner testified that in 2008, "Seibel expressed that he believed there was no reason for Distribution to pay the Sales Guarantee", and that in 2009, Seibel "indicated that he did not believe that the collection of the tax credits was his problem. . . ." | Lechner Decl. (#2), ¶¶ 22, 25. |
| 288.     After January 10, 2008, in 2009 or 2010, Lechner pitched to Defendants the idea of having Cinerenta | Seibel Decl., ¶ 60, Lechner Depo., 383:5-385:20. |

- 73 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| KG finance a future film project produced or developed by Distribution or International. | |
| 289.    The discussion on future film projects dropped because tax issues in Germany prohibited the funding of these projects. | Seibel Decl., ¶ 60, Lechner Depo., 383:5-385:20. |
| 290.    Dr. Lechner and/or his colleague Ms. Caroline Hauck sent multiple correspondence to Distribution regarding a film referred to as <u>Ripley</u>, another film managed by Cine Pictures after Cinerenta. | Seibel Decl., ¶ 59, Ex. 77. |
| 291.    In the correspondence re <u>Ripley</u>, Dr. Lechner, on behalf of Cinezeta and/or Cine Pictures, demanded payment of money relating to <u>Ripley</u>. | Seibel Decl., ¶ 59, Ex. 77. |
| 292.    Seibel responded to the correspondence regarding Ripley and explained why Distribution did not owe any money to Cinezeta. | Seibel Decl., ¶ 59, Ex. 77. |
| 293.    Lechner and Seibel subsequently met and conferred in person regarding <u>Ripley</u>, and were able to come to a resolution. | Seibel Decl., ¶ 59, Ex. 78. |
| 294.    Lechner never raised the | Seibel Decl., ¶ 59, Exs. 77-78. |

- 74 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Sales Guarantee or demands for payment under the PGA in any of the correspondence to Distribution regarding *Ripley*. | |
| 295.     Lechner never raised the Sales Guarantee or demands for payment under the PGA in any of his discussions with Seibel regarding *Ripley*. | Seibel Decl., ¶ 59. |
| 296.     On February 3, 2011, Distribution filed its Answer, which contains various affirmative defenses, including, but not limited to: waiver, unclean hands, failure to perform contractual obligations, failure of conditions precedent and performance excused or prevented. | Chang Decl., ¶ 2, Ex. 38. |
| 297.     Defendants maintained that their discovery responses were subject to change due to what they learned through ongoing discovery. | Chang Decl., ¶ 18, Ex. 50 (Distribution's Amended Reponses to Cinezeta's Interrogatories, Preliminary Statement), Ex. 51 (International's Amended Responses to Cinezeta's Interrogatories, Preliminary Statement). |
| 298.     Defendants have not withheld any documents that support their defenses. | Chang Decl., ¶ 18. |
| 299.     Defendants learned about | Seibel Decl., ¶ 67. |

- 75 -

LA 51462934

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| Cinezeta's 2007 Settlement Agreement, Cinezeta's authorization of the tax credits to the Service Providers, the CIBC loan, and various transfers of funds between the Service Providers and Cinezeta-affiliated companies for the first time in this litigation. | |
| 300.    Documents supporting these facts were in Cinezeta's possession and produced on August 24, 2011 (in response to discovery requests served in April 2011 and also the subject of Defendants' Motion to Compel) and Defendants are still waiting for the entirety of the document production from Cinezeta. | Chang Decl., ¶ 10. |
| 301.    Because sub-distributor's often require that Distribution have all of the elements set forth in Schedule A prior to signing a license agreement, particularly more so now than ever since many of the new distribution platforms require more than the basic elements, Distribution anticipates that many sub-distributors will not license the Picture absent receipt of all of the elements in Schedule A. | Seibel Decl., ¶ 23. |

- 76 -

LA 51462934

| Additional Uncontroverted Facts | Supporting Evidence |
|---|---|
| 302.    Distribution never agreed to be liable for the cash value of the tax credits in the event that tax credits were payable to any party other than Cinezeta and were in fact issued by the Canadian government. | PGA; Seibel Decl., ¶¶ 13-15. |
| 303. Defendants share resources to save costs, not to confuse or mislead anyone. | Seibel Decl., ¶ 56. |

Dated:  September 26, 2011          STROOCK & STROOCK & LAVAN LLP
                                    JOHN M. GATTI
                                    GLORIA Y. CHANG


                                    By: _____/s/ *Gloria Y. Chang*_____
                                         Gloria Y. Chang

                                    Attorneys for Defendants
                                      INFERNO DISTRIBUTION, LLC and
                                      INFERNO INTERNATIONAL, LLC

LA 51462934